**Thaddeus G. BENTON, Plaintiff, and J. Lamar Butler, Intervenor and Third Party Plaintiff,**

v.

**Glenn McCARTHY, Glenn McCarthy, Inc., and William McCarthy, Defendants.**

United States District Court
S. D. New York.

March 2, 1959.

Thaddeus G. Benton, New York City, pro se and for intervenor, J. Lamar Butler.

Leo B. Mittelman, New York City, for defendants.

SUGARMAN, District Judge.

█ F.R.Civ.P. 36, 28 U.S.C.A., was designed to obtain admission of facts as to which there is no real dispute and which the adverse party can admit cleanly, without qualifications. It is not intended to be used to cover the entire case and every item of evidence.[1] The plaintiffs herein have in the main improperly used it for the latter purpose.

Appended is a schedule of the rulings on the defendants' objections to the plaintiffs' requests for admissions of fact and genuineness of documents.

The defendants' objections to plaintiffs' requests for admissions (Motion No. 53 of February 19, 1959 and Motion No. 55 of February 26, 1959) are thus disposed of.

█ The plaintiffs' cross motion (Motion No. 47 of February 19, 1959) to strike defendants' first said objections is denied as moot because the objections and denials sworn to by defendant Glenn McCarthy were filed at the time of argument. Even were this not so the result would be the same. The plaintiffs, who were instrumental in setting this case for an early trial, know that defendants are not readily available to consult about plaintiffs' voluminous and eleventh hour demands. They cannot now be heard to assert that a technical compliance with the Rule requires that the denials and objections filed by defendants be sworn to by them and not their attorney. Their position is doubtful[2] but even if it weren't, their motion to strike would be denied or all objections of defendants sustained on the ground that the plaintiffs' requests were untimely.

It is so ordered.

### SCHEDULE OF RULINGS
on Defendants' Objections to Plaintiffs' Requests for Admissions and Supplemental Requests for Admissions.

A. Defendants' objections are sustained, except as to facts therein admitted, as to plaintiffs' requests numbered: 1, 2, 5, 6, 13, 22, 31, 32, 38, 49, and supplemental 2.

B. Defendants' objections are sustained, as to plaintiffs' requests numbered: 3, 4, 35 upon condition that the by-laws of Glenn McCarthy, Inc., be made available to plaintiffs' attorney, 39, 44, 51, 54, supplemental 3 and supplemental 6.

C. Defendants' objections as to plaintiffs' requests numbered: 7, 8, 9, 11, 18, 20, 21, 25, 28, 29, 30, 34, 42, 43, 45, 46, 47, 50, supplemental 4 and supplemental 5 are not ruled upon because the facts as to which admissions are sought are denied although in some instances objected to by defendants.

D. Defendants' objections as to plaintiffs' requests numbered: 12, 17, 19, 26, 27, 33, 36 and 37 are not ruled upon because the facts as to which admissions are sought are denied except as to facts admitted.

E. Defendants' objections as to plaintiffs' requests numbered: 10, 23 limited to March 9, 1955, 24 limited to March 9, 1955, 48 limited to March 9, 1955, 52, 55 and both requests numbered 56 are overruled because the plaintiffs' requests can be admitted or denied and, as to Nos. 23, 52, 55 and both numbered 56, appear to be relevant.

F. No objections thereto having been filed by defendants, no ruling thereon is made on plaintiffs' requests numbered 14 and 15, which have been in part admitted and in part denied.

G. No objections thereto having been filed by defendants, no ruling thereon is made on plaintiffs' requests numbered: 16, 40, 41, 53 and sup-

---

1. 4 Moore's Federal Practice 2711; 1958 Supp. 153.

2. Cf. Van Horne v. Hines, D.C.1940, 31 F. Supp. 346; United States v. Taylor, D.C.W.D.La.1956, 100 F.Supp. 1016.

plemental 1. By failing to deny or object defendants have admitted these facts. F.R.Civ.P. 36(a), 4th sentence.

H. There are no objections to the demand for admission of the genuineness of documents, copies of which are annexed to plaintiffs' requests for admissions, identified in plaintiffs' requests for admissions numbered 58 through 66, which defendants admit. No ruling is of course made on their admissibility at the trial.