TATE, Judge.
This is a suit for workmen’s compensation benefits. The plaintiff appeals from the dismissal of his claim against his employer’s insurer. The trial court held that the claimant had not borne his burden of proving any disability causally related to the fall at work.
The plaintiff-appellant claims that he is presently disabled by a back condition as a result of his fall at work, contending that back pain manifested itself soon after the fall and increased in severity until he was forced to cease work eight months later.
The evidence shows that the plaintiff slipped and fell while at work on July 17, 1959. The preponderance of the evidence further shows, however, that thereafter he continued without complaint to perform his usual heavy duties until March 29, 1960, when he left his employment because of a severe stomach ache. His employer’s physician disagnosed the cause thereof as a gall bladder condition and referred him to a Veteran’s Administration hospital.
The claimant was then hospitalized at the Veterans Administration hospital for a month, and four months later he was again hospitalized at another Veterans Administration hospital for an additional two months. The hospital report and the testimony of a Veterans Administration specialist admitted in evidence, show that the plaintiff maintained multiple and shifting complaints of pain, variable from day to day, as a result of which the hospitals made extensive medical tests to determine the medical basis, if any, of these complaints during these extensive periods of continuous observation of the plaintiff’s condition. The government specialists concluded that there was no organic basis for such complaints and that they were merely manifestations of a non-disabling (and possibly simulated) hypochondria resulting from the plaintiff’s emotional instability.
To overcome this strong and detailed evidence negativing any disability at all, the claimant relies on portions of the testimony of three physicians, as well as on some lay testimony of friends.
Two of these three physicians examined the claimant only once, while the other doctor saw him twice. None of these physicians had had access to the records of the extensive testing and observation by the Veterans Administration ruling out any organic or disabling psychiatric cause for the plaintiff’s complaints.
Dr. Price, a general practitioner, who saw the claimant once, had the “impression” that the cause of the patient’s complaints of back pain, accepting them as true, might be a ruptured disc, based upon a decreased *821 ankle jerk; but he admitted that this symptom was not always a significant finding (Tr. 213). Dr. Hatchette, an orthopedist who examined the claimant twice, thought he might be disabled as a result of “some lumbosacral injury” (Tr. 29), accepting the patient’s complaints of pain as genuine, although he likewise admitted that the plaintiff’s complaints presented a “rather confusing picture” (Tr. 32) and that the complaints might result from non-traumatic causes or even malingering; he further testified that it was unlikely that any disability found was related to the trauma in July of 1959, if indeed the claimant had thereafter continued to do heavy work over eight months without “manifestation of a severe condition” (Tr. 39). Dr. Chakales, an orthopedist who examined the plaintiff only once and then about two years after the fall, thought that the claimant might be disabled as a result of “chronic lumbo-sacral strain”; he admitted however that this opinion was just an “impression” which would require testing and observation to substantiate.
Despite the skillful arguments by the plaintiff’s counsel, we cannot hold that the trial court erred in finding that the indefinite and uncertain testimony of these physicians, who saw the claimant only once or twice, did not outweigh the strong medical proof relied upon by the defendant, especially in view of the other circumstances reflected by this record. Through the testimony of the plaintiff’s co-employees (accepted as truthful by the trial court, contradicting the contrary testimony of the plaintiff’s lay witnesses) and the medical reports and records of the initial examining physicians, the record preponderantly proves that the claimant did not make any complaints of back pain whatsoever or of work-injury until at least eight days (Tr. 112) after entering the Veterans Administration hospital on March 30, 1960 for treatment for gall bladder trouble — that is, until about nine months after the fall at work, during which interval he had continuously performed without sign of pain his heavy manual duties (which according to the medical evidence casts doubt upon any causal relationship between the fall at work and the plaintiff’s belated complaints of back pain, even if genuine).
We therefore find no error in the trial court’s ruling that the plaintiff has not preponderantly proved any disability resulting from an accident at work. Consequently, we affirm the dismissal of the plaintiff’s suit for compensation. The costs of this appeal are to be paid by the claimant-appellant.
Affirmed.