ELLIS, Judge.
This is a devolutive appeal from the Lower Court’s judgment decreeing that certain facts contained in plaintiff’s request for admission of facts to have been admitted. A chronological review of the facts and circumstances which culminated in this appeal will be necessary to place the contentions of the adverse parties in proper perspective, although such has previously been set out by this Court on motion of plaintiffs to dismiss the appeal in the same captioned matter. 142 So.2d 815.
“On January 2, 1962, plaintiffs-appellees instituted this suit as a possessory action. In their original petition plaintiffs allege physical possession of subject property openly, publicly, peaceably and without interruption for more than one year prior to institution of suit. Plaintiffs further allege that defendants have slandered plaintiffs’ title to the property in dispute by the execution of an oil, gas and mineral lease in favor of Texas Liberty Gas Corporation covering subject property under date of December 1, 1961, which said mineral lease was recorded in the records of Terrebonne Parish, Louisiana, December, 19, 1961.
"On January 19, 1962, defendants were granted an extension of 20 days (to February 8, 1962) within which to answer and plead in defense of plaintiffs’ demand.
“Thereafter, on February 2, 1962, petitioners filed a Request for Admission of Facts pursuant to the authority of Article 1496 LSA-C.C.P. requesting and requiring that the facts therein stated be admitted or denied by defendants in the manner provided for by law within 15 days from February 2, 1962 (the date shown on the postmark of the envelope in which certified copies of said Request for Admission of Facts were mailed to each defendant).
“Subsequently on February 12, 1962, defendants filed Exceptions of No Right and No Cause of Action which in substance amounted to an exception of want of possession. Defendants’ Exceptions of No Right and No Cause of Action were duly tried by the court below which tribunal on February 20, 1962, rendered judgment referring said exceptions to the merits.
“Twenty-one days after the mailing of plaintiffs’ Request for Admission of Facts, namely, on February 23, 1962, defendants filed answer thereto. Plaintiffs then, on February 24, 1962, petitioned the court for Rule Nisi ordering defendants to show cause why the facts alleged in plaintiffs’ Request for Admission of Facts should not be deemed admitted, which said rule was returnable March 9, 1962. Prior to trial of the aforesaid rule, defendants answered plaintiffs’ initial petition, said answer being filed on March 5, 1962. After trial on March 9, 1962, judgment was rendered making plaintiffs’ rule absolute, decreeing defendants’ answer to plaintiffs’ Request for Admission of Facts to be null, void and of no effect and adjudging the facts set forth in plaintiffs’ Request for Admission of Facts to be deemed admitted by defendants. Predicated on the contention that the facts thus declared to have been admitted by defendants disposed of all of *101 the factual issues involved in this controversy, plaintiffs, pursuant to the provisions of Article 966, LSA-C.C.P., on March 12, 1962, filed a motion for summary judgment herein, which said motion was set for trial April 2, 1962. However, before trial of plaintiffs’ motion for summary judgment, defendants herein moved for and were granted a devolutive appeal from the trial court’s judgment of March 9, 1962, declaring the facts contained in plaintiffs’ Request for Admission of Facts to have been admitted.”
Counsel for appellants’ attack on the judgment of the trial court is primarily based on three contentions. First, that the Exceptions of No Right of Action and No Cause of Action filed on February 12, 1962, was a timely and proper objection to the Request for the Admission of Facts. Second, that the aforesaid Exception of No Cause of Action, filed ten days after the filing of the Request for Admission of Facts, suspends the time for answering the Request. And, thirdly, that the right to request admissions presupposes a cause of action and since plaintiffs-appellees had no cause of action in the present case they had no right to the admission.
In support of defendants-appellants first contention that the Exception of No Cause of Action is a valid objection to the Request for Admissions, counsel contends that the discovery procedures as set out in Article 1496 do not operate extra judicially. Conceding that the Request for Admissions under Article 1496 is an ancillary proceeding, counsel contends that it is not separate and apart from the ordinary rules of court applicable to the trial of cases; that the article does not prescribe a formula or procedure for the filing of a written objection but leaves this matter to the general procedure found in the Articles of the Louisiana Code of Civil Procedure; and that the accepted procedure by which objections may be raised is by exception as set out in Articles 924-927 of the LSA-Code of Civil Procedure. Article 1496 of the Louisiana Code of Civil Procedure provides as follows:

“Art. 1496. Admission of facts and of genuineness of documents.

“After commencement of an action a party may serve without leave of court upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of fact set forth in the request. Copies of the documents shall be served with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than fifteen days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either:
“(1) An affidavit denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters, or
“(2) Written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part.
“If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party deny only a part or a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder.
*102 “Any admission made by a party pursuant to such request is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding.”
Article 921 of the LSA-Code of Civil Procedure defines exception as a means of defense, other than a denial or avoidance of the demand, used by the defendant whether in the principal or incidental action to retard, dismiss or defeat the demand brought against him. Article 922 classifies exceptions into three kinds: the declin-atory exception, the dilatory exception, and the peremptory exception. Article 927 defines the objections to be raised by peremptory exception as prescription res ad-judicata, nonjoinder of the indispensable parties, no cause of action, no right of action, or no interest of the plaintiff to institute the suit. Article 923 states that the function of the peremptory exception is to have the plaintiff’s action declared legally nonexistent or barred by the effect of law, hence, this exception tends to dismiss or defeat the action.
Although the courts of this state have never favored technical objections and harsh rules of pleading, we cannot ignore the plain language of the basic rules of procedure set out in the LSA-Code of Civil Procedure, Article 1496 clearly states that after commencement of an action a party may serve a written request for the admission of any -relevant matters and that unless the party to whom the request is directed answers within the appropriate delays, each of the matters of which an admission is requested shall be admitted unless a party to whom the request is directed serves upon the party requesting the admission, either an affidavit denying specifically the matters of which an admission is requested or the setting forth why he cannot truthfully admit or deny those matters, or written objections on the ground that some or all of the requested admissions are privileged or irrelevant, or that the request is otherwise improper in whole or in part.
It is not contended by defendant that an affidavit denying specifically the matters of which an admission was requested was filed. It is defendants’ contention that the exception of no right of action and no cause of action constituted a written objection pursuant to the second requisite of Article 1496.
The two averments in the instrument entitled Exception of No Right of Action and No Cause of Action filed by defendant are set out as follows:
“1. That neither plaintiff nor his ancestor in title had possession in any manner and could not have possession quietly and without interruption for more than a year immediately prior to the alleged disturbance on December 19, 1961, as indicated by paragraph 4 of plaintiff’s petition which shows a prior and continuing disturbance within a year immediately prior to the disturbance alleged by plaintiff, and does not therefore conform to the requirements of Art 36S8 Sec. 1 of the La.Civil Code of Procedure.
“2. The possessory action herein was not instituted within one year of the alleged disturbance as required by Article 3658 Subsection 4 of the Louisiana Civil 'Code of Procedure as indicated by the petition of plaintiff in Article 4 which states an alleged disturbance on April 6, i960, more than one year before the institution of this suit.”
It is clear from a reading of the above that the exception filed does not conform to the requirements of Article 1496 of LSA-Code of Civil Procedure which specifically states that each of the matters of which an admission is requested shall be deemed admitted unless “ * * * (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or *103 in part.” Even though it might he said, as contended by counsel for defendant, that an exception of no cause of action is a written objection complaining of the entire action of the plaintiffs, Article 1496 clearly sets out the manner in which a request for admissions may be objected to and defendant has patently failed to follow the directives of the Code. The question is not whether Article 1496 operates extra judicially and separate and. apart from the ordinary rules of court applicable to the trial of cases, but is whether or not the requirements of Article 1496 have been complied with. Certainly, had defendant been successful in having his exception of no right and no cause of action sustained, there would have been no need to answer or object to the request for admissions under Article 1496. However, since the exception of no right and no cause of action was not sustained, but referred to the merits, defendant is left in a position of having no answers nor objections of record to the request for admissions. This is the chance that defendant took when the exception of no right and no cause of action was filed and no answers or objections were filed in pursuance of Article 1496.
Counsel for defendant next contends that if the exception does not constitute a valid written objection to the requested admission of facts, that the exception suspends the time for answering the request. In support of this, counsel for defendant contends that the exception of no cause of action has as its function the declaring of plaintiffs’ action to be legally nonexistent and that the exceptor should not be compelled to proceed further until the exception is disposed of.
We agree that the exception of no cause of action has for its purpose the termination and dismissal of the plaintiffs’ action but such an exception of itself does not make the action legally nonexistent, defeat or dismiss it. It is only after a judicial determination of an exception’s validity that an action is determined legally nonexistent or legally existent. We do not feel that an exception of no right and no cause of action suspends the time for the request for admissions since the discovery devices set out in chapter three of the Louisiana Code of Civil Procedure provide their own rules in that they prescribe methods of service and notice in' connection with various .devices, method of objection, specific delays for answering; etc. The purpose of the discovery statute is inherently to simplify or expedite the trial of a matter, and from a reading of Chapter 3 of the Louisiana Code of Civil Procedure it is clear that it was intended that the statute should be capable of being used at any time without regard to the status of the pleadings in the main demand, or in the case of a deposition even prior to the filing of a petition.
Counsel for defendants’ third contention is that if plaintiffs had no cause of action then they had no right to request admissions, and that if plaintiffs had no standing in court, their request for admissions was not only irrelevant, but improper in its entirety. This appeal is from the judgment making .absolute a rule declaring the purported answers to the request for admissions be null, void and of no effect, and is not an appeal from the ruling of the trial court referring the exception to- the merits, nor an appeal from a final and definitive judgment on the merits of the case. Therefore, we cannot consider whether plaintiff had a cause of action. Certainly, there was to be an action before the request for admissions can be made, but the existence of a petition which has not been dismissed clearly supports the conclusion that an action is in existence. Again, had the defendant been successful in obtaining a judicial determination that the exception of no right and no cause of action was valid, plaintiff would have been powerless to request admissions.
The case of Union Bank v. McDonough, 5 La. 63 (1833) involved a situation where *104 interrogatories were propounded to the defendant, an exception was filed, and the interrogatories were taken as confessed after the delays for answering expired, although the exception was not disposed of. The Court held that the legality of the interrogatories had been contested in the exception and that the right to propound them necessarily depended on the capacity of plaintiffs to maintain the present action. Since this case occurred many years prior to the adoption of the present discovery statute in Louisiana, we do not feel it is authority for the proposition that an exception suspends all discovery devices under the present Louisiana Code of Civil Procedure. Further, the capacity of the plaintiff in the instant case to maintain a suit is not at issue since there was no relief sought from the judgment referring the exception of no cause and no right of action to the merits.
For the reasons above assigned, the judgment appealed from is affirmed.
Affirmed.