HALL, Judge.
Nola Cabs Inc. (Nola Bonding Company) and Clyde B. Gay, defendants in suit, prosecute this appeal from a judgment casting them in solido in favor of plaintiffs in suit in the sum of $100.00 for expenses and attorney’s fees under the provisions of Article 1514 of the Code of Civil Procedure (LSA-C.C.P. Art. 1514).
This Article provides in pertinent part:
“If a party, after being served with a request under Article 1496 to admit * * * the truth of any matters of fact, serves a sworn denial thereof and if the party requesting the admissions thereafter proves * * * the truth of any such matter of fact, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making such proof, including reasonable attorney’s fees. Unless the court finds that there were good reasons for the *866 denial * * * the order shall he made.” (LSA-C.C.P. Art. 1514)
The matter at hand arose as an incident to a suit for damages brought by plaintiffs against Clyde B. Gay and Nola Cabs Inc. (Nola Bonding Company) in which plaintiffs alleged that they sustained personal injuries on December 12, 1963 as the result of the negligent operation of a taxicab driven by Gay, an alleged employee of Ed’s Cab Service, and that Nola Cabs Inc. (Nola Bonding Company) had issued a “bond” in effect at the time of the accident insuring the operators of the cab against all liability claims arising out of the operation of the vehicle.
Defendants answered the petition denying all allegations therein contained. Thereafter plaintiffs served upon defendants certain requests for admissions of facts in accordance with the provisions of LSA-C.C.P. Art. 1496.
Defendants served upon plaintiffs a sworn denial of certain of these requested admissions, and plaintiffs, claiming that the denials were false, filed a rule for costs and attorney’s fees in the sum of $100.00 under the above quoted provisions of LSA-C.C.P. Art. 1514. This appeal by defendants is from the judgment making said rule absolute. The main suit has never been tried on the merits.
The specific articles which plaintiffs contend were falsely denied together with defendants’ answers thereto are as follows:
“Admission No. 1. That Nola Cabs Inc. (Nola Bonding Company) issued a ‘bond’ to Ed’s Cab Service, by the terms of which it insured certain vehicles operating as Ed’s Cabs against all liability claims arising out of the operation of said vehicles.”
Answer— “Deny”.
“Admission No. 2. That said ‘bond’ was in effect on December 12, 1963.”
Answer— “Unable to answer Admission No. 2 because we do not know what bond plaintiff refers to.”
“Admission No. '3. That said bond was in the amounts of $25,000.00 per person and $50,000.00 per accident.”
Answer— “Deny”.
“Admission No. 5. That on December 12, 1963, the aforesaid vehicle was insured by Nola Cabs Inc. (Nola Bonding Company) under the ‘bond’ as described in Admission 1 through 3.”
Answer— “Deny”.
“Admission No. 7. That Clyde B. Gay was operating said vehicle as stated in Admission 6 within the terms and conditions of the ‘bond’ insuring said vehicle as aforesaid.”
Answer— “Deny”.
It is thus seen that defendants’ answers were categorical and without evasion. They “fairly met the substance of the requested admission.” (See LSA-C.C.P. Art. 1496). Were the denials true or false?
Under the provisions of LSA-C.C.P. Art. 1514 plaintiffs bore the burden of proving the truth of the facts stated in their requests for admissions. On trial of the rule plaintiffs’ attorney testified that upon receipt of defendants’ sworn denials he made inquiries at the office of the Taxicab Bureau of the City of New Orleans and located a certain insurance policy. The policy was produced under subpoena duces tecum and a copy thereof was introduced in evidence. This is all the proof that was offered.
The policy which was produced is a blanket policy issued by St. Louis Fire & Marine Insurance Company. By the terms of the policy St. Louis Fire & Marine Insurance Company insured “Nola Cabs Inc. et al (as per list attached).” The attached list includes the name of Clyde B. Gay. According to its terms the policy was issued *867 ■“ * * * to comply with the provisions and 'requirements of Sections 200.3 and 200.4 of Title 45 of the LSA-Rcvised Statutes of 1950 and the applicable portions of Sections 12:155 and 12:156 of Ordinance No. 828 M.C.S. (known as the Code of the City of New Orleans), as amended *
Nola Cabs Inc. was one of the insured, not the insurer. There is no proof whatever in the record that Nola Cabs Inc. (Nola Bonding Company) ever issued either a “bond” or an insurance policy to or in favor of Ed’s Cab Service or to or in favor of Clyde B. Gay or anyone else. There is no proof that Nola Cabs Inc. (Nola Bonding Company) ever insured any vehicles by means of a “bond” or insurance policy or otherwise, or that it was legally capable of doing so. There is no proof that it owns any vehicles.
Plaintiffs argue that Nola Cabs Inc. (Nola Bonding Company) simply re-insured their risk with St. Louis Fire & Marine Insurance Company. But one must be an insurer before one can become a re-insurer.
There is no showing that Nola Cabs Inc. (Nola Bonding Company) is in anywise responsible for the negligent acts of the operators of the taxicab involved in the accident. There is no proof of the relationship or connection, if any there be, between Nola Cabs Inc. (Nola Bonding Company) and Ed’s Cab Service and/or Clyde B. Gay or the vehicles operated by them. The only fact shown is that Nola and Gay are both insured under the terms of the policy issued by St. Louis Fire & Marine Insurance Company.
In short plaintiffs in our opinion have failed to prove the truth of their requested admissions of fact, which is a prerequisite to their recovery of expenses and attorney’s fees.
Plaintiffs take the position that Nola Cabs Inc. (Nola Bonding Company) must have known of the insurance policy and that their denials of the requested admissions were neither fair nor made in good faith as required by LSA-C.C.P. Art. 1496 which provides that “a denial shall fairly meet the substance of the requested admission, and when good faith requires that a party deny only a part or a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder.”
The judgment of the Trial Court must have been predicated on the thought that “fairness and good faith” required defendants to make voluntary disclosures not called for in the requested admissions.
In our opinion all that LSA-C.C.P. Art. 1496 required of the defendants was to admit or deny specifically the facts stated by plaintiffs in their request for admissions. Defendants “met the substance of the requested admissions” by denying such facts categorically, and since there is no proof in the record of the truth of a single fact stated by plaintiffs it cannot be said that defendants’ denial thereof was unfair or in bad faith. The statute in our opinion did not require them to go further and volunteer any disclosures, admissions or explanations not called for by plaintiffs.
For the foregoing reasons the judgment appealed from is reversed and judgment is now rendered in favor of defendants, Nola Cabs Inc. (Nola Bonding Company) and Clyde B. Gay and against the plaintiffs, Mrs. Jerry Anne Lococo, wife of/and Salvadore Lococo, individually and on behalf of his minor children, Robert Lococo, Allen Lococo, Larry Lococo, Mary Lococo and Cynthia Jeffcoat, and Mrs. Norile Labat dismissing the rule to fix expenses and attorney’s fees filed by said plaintiffs on August 5, 1964; all costs in connection with said rule and costs of this appeal to be borne by plaintiffs.
Reversed and rendered.