REID, Judge.
The plaintiffs in this cause instituted a possessory action on January 2, 1962. On January 19, 1962, the defendants were granted a twenty day extension within which to plead, or to February 11, 1962. In the meantime, on February 2, 1962, the plaintffs filed a request for admission of facts in accordance with Article 1496 of the Louisiana Code of Civil Procedure, and mailed copies thereof to the defendants. On February 12, 1962, the defendants filed peremptory exceptions of no right and no cause of action to plaintiffs’ petition and alleged that the plaintiffs had not had sufficient possession to maintain their suit. The exceptions were assigned for trial on February 20, 1962, were taken up and tried, and the Trial Judge referred the exceptions to the merits without objection by defendants. On February 23, 1962, answers to the request for admissions were -filed by the defendants, and on the following day plaintiffs filed a rule to show cause why the answers to the request for admissions should not be declared null and void by reason of not having been timely filed. The rule was. tried on March 9, 1962. Judgment was-rendered on the same day and on March 12, 1962, the following judgment was read and signed:
“The rule nisi previously issued herein on February 23, 1962 was this date taken up and tried; and after hearing the argument of both counsel, and considering the law, and the record in this matter, for reasons this day orally assigned;
“IT IS ORDERED, ADJUDGED, AND DECREED that the rule nisi previously issued herein on February 23, 1962, be and the same is hereby made absolute; and accordingly
“IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the purported answer to the request for admissions filed by the defendants herein on February 23, 1962 be and the same is hereby declared to be null, void, and of no effect, and that each and every of the facts set forth in the request for admissions filed by the petitioners herein be and the same is hereby deemed admitted by the defendants herein.
“JUDGMENT RENDERED IN OPEN COURT at Houma, Louisiana, on March 9, 1962 and read and signed *59 in Open Court on the 12th day of March, 1962.”
The defendants appealed from that judgment to this Court. Plaintiffs moved to dismiss the appeal on the grounds that the judgment was' simply a judgment on a rule and was not a final and definitive judgment and.the appeal was contrary to Article 2083 of the Louisiana Code of Civil Procedure. After considering the matter, this Court held that a judgment declaring that facts stated in plaintiffs’ request for admissions of facts had been admitted by the defendants-appellants through their failure to timely file answers to the request of admissions, touched directly upon and affected the merits and outcome of the case and such judgment was assimilated in character to a final judgment and, therefore, appealable. The motion to dismiss the appeal having been denied, briefs were then submitted to this Court and the validity of defendants’ answers to the request for admissions was argued before this Court. The judgment of the District Court was affirmed by decision reported in La.App., 151 So.2d 99, this Court holding that the exception of no right of action and no cause of action filed by the defendants did not constitute a timely and proper objection to the request for admissions of fact in this possessory action where the exception amounted to an exception of want of possession, and that, therefore, the defendants were in the position of having no answers or objections of record when the exception of no right and no cause of action was not sustained
Thereafter defendants applied to the Supreme Court of the State of Louisiana for writs of prohibition, certiorari and mandamus, which writs were refused, 244 La. 469, 152 So.2d 563, but with the notation “The judgment is not final. Applicants’ rights under the complaint urged are reserved to him in the event of an adverse judgment on the merits.”
On the same day the hereinabove quoted judgment on the rule nisi was signed, that is, on March 12, 1962, the plaintiffs had filed a motion for summary judgment which was not heard because of the intervening appeal to this Court. On May 27, 1963, plaintiffs filed an additional motion for summary judgment. The defendants filed an objection to the motion on the grounds that the exceptions filed by defendants on February 12, 1962 had not been passed upon and urged that all further proceedings should be stayed until such time as the District Court had ruled on the exceptions. Defendants also filed an answer to the motion for summary judgment. The motion for summary judgment was heard on June 7, 1963. At the outset of the hearing defendants reurged their exception of no right or action and no cause of action, whereupon, after argument, the Court, for oral reasons assigned, directed that “the exceptions or objections be overruled as to any property herein beginning fifteen (15) arpents from the Bayou extending to the depth of survey of forty (40) arpents,” and order briefs submitted.
The defendants prepared and submitted to the Court for signature a judgment on the exceptions. The Trial Judge refused to sign that judgment because of the wording “It is Ordered by the Court that the said exceptions be maintained only in so far as to any property from the Bayou extending to a depth of fifteen (15) arpents” and wrote on the submitted judgment that “The foregoing judgment was not signed because of the incorrectness” of the just quoted paragraph. At a special convening of the District Court on January 18, 1965, the Trial Judge announced his intention to render judgment on the motion for summary judgment, the defendants objected, their objections were overruled and the Judge proceeded to render judgment, which was read and signed the same day, as follows:
“This matter came on for trial in the form of a Motion for Summary *60 Judgment filed by the petitioners herein on March 12, 1962, originally fixed for trial April 2, 1962, and actually tried on May 7, 1963, in the presence of all counsel for both plaintiff and defendant.
“Considering the request for admission of facts filed by the plaintiff herein on February 2, 1962, and subsequently introduced into evidence by the plaintiff; the Judgment on Rule rendered March 9, 1962, and read and signed on March 12, 1962, decreeing that each and every of the facts set forth in the request for admission filed by the petitioners was deemed to be admitted by the defendants herein, the two opinions of the Court of Appeal, First Circuit, State of Louisiana in this matter bearing Docket No. 5755 of that Court which are reported at 142 So.2d 815 and at 151 So.2d 99, the refusal of the Supreme Court of the State of Louisiana to grant writs which appears at 244 Louisiana 469, 152 So.2d 563, the arguments of counsel and the law;
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiffs, Anthony Voisin, Lucy Voisin Blanchard, Mary Voisin Trosclair and Antoinette Voisin Fanguy, and against the defendants, Whitney Luke, Mrs. Wilma Luke Blanchard, Pierre W. (Willie) Luke, Mrs. Leana (Leona) Luke Bourg and Mrs. Winnie Luke Thibodeaux, recognizing the possession of the plaintiffs herein as owners of the following described property:
“ ‘A certain tract of land situated in the Parish of Terrebonne, Louisiana, at about twenty (20) miles below the City of Houma, Louisiana, formerly comprised in Live Oak Plantation, on the right descending bank of Bayou Grand Caillou, comprised in Section 37, T-20-S, R-17-E, measuring one (1) arpent front, starting at a distance of six (6) arpents back from the right descending bank of the Bayou Grand Caillou by depth to the rear of West line of Section 37, T-20-S, R-17-E; said parcel of ground being bounded as follows, to-wit: On the North by other property of your petitioners, on the West by the West line of Section 37, T-20-S, R-17-E, on the South by the South line of Section 37, T-20-S, R-17-E, and on the East by property of Sidney Luke, now or formerly.’
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants herein either disclaim all title whatever to the hereinabove described property or assert such right as they claim to have against or in said property by means of a petitory action to be filed within sixty (60) days from the date of this Judgment.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Exception of No Right of Action and No Cause of Action filed by the defendants herein under date of February 12, 1962, originally tried on February 20, 1962, and subsequently re-urged by counsel for defendants on May 7, 1963, be and the same are hereby overruled.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be reserved unto petitioners herein, the right to establish with appropriate testimony, the quantum of damages and/or attorney fees to which they may be entitled herein.
“JUDGMENT RENDERED, READ AND SIGNED in Open Court at Houma, Louisiana, this 18th day of January, 1965.”
From that judgment the defendants applied to the Supreme Court of the State of *61 Louisiana for writs of certiorari, prohibition and mandamus, which were denied on March 29, 1965 for the reason that “The application is not properly before this Court and therefore denied.” [247 La. 617, 172 So.2d 701] The defendants then appealed to this Court.
Counsel for defendants-appellants alleges numerous errors on the part of the Trial Court which, although repeated in several different ways by counsel, can be broken down into the following:
1.Counsel contends in effect that in overruling a portion of defendants’ exception of no cause and no right of action the Court maintained the balance of the exception; that the Trial Court’s refusal to sign the judgment precluded the Trial Court from rendering judgment on the motion for summary judgment; that maintaining the exception was proper in view of plaintiffs’ petition; and that the effect of maintaining the exception was to preclude any further proceedings by the Court.
 This contention of counsel for defendants is not well taken. While it is true that the minute entry of the Court below showed “the exceptions or objections be overruled as to any property herein beginning fifteen (15) arpents from the Bayou extending to the depth of survey of forty (40) arpents,” there is nothing in the record which would indicate that the Trial Judge ever intended to maintain any portion of the exception, and the Trial Judge’s refusal to sign a judgment drawn by counsel for defendants which was not in line with the Trial Court’s ruling cannot in any manner be construed as maintaining the balance of the exception. Even though Article 1911 of the Louisiana Code of Civil Procedure provides that all final judgments should be rendered and signed in open court, certainly a Judge is under no obligation to sign a judgment which he feels is not in accordance with his finding. Defendants would probably have been in a better position to argue that the balance of the exception had been maintained if he had drawn his form of judgment in accordance with the Judge’s ruling, but as no judgment had been signed there was nothing in the record which prohibited the Trial Judge from overruling the exception.
2. Counsel for defendants urges that the Trial Judge erred in granting the summary judgment by relying on two opinions of the Court of Appeal, First Circuit, and neglected to properly analyze the ruling of the Louisiana Supreme Court in denying writs when that Court reserved applicants’ rights in the event of an adverse judgment on the merits, and contended that the Trial Court did not seriously consider whether or not the allegations set forth in plaintiffs’ petition, and in defendants’ answer and in the answers deemed admitted in the request for admission of facts, precluded all genuine issues of fact.
3. Counsel contends that the plaintiffs’ petition on its face shows that defendant had possession by alleging in paragraph 4 of the petition that there was a slander of title by certain actions of the defendants.
The latter two might be considered as the same in that they both allege genuine issues of fact still exist.
All that paragraph 4 of plaintiffs’ petition says is that the slander of title consisted, among other things, of the execution of an oil, gas and mineral lease. Certainly, an allegation that slander of title occurred is no admission of possession.
We then come down to the central issue before this Court and that is whether or not the District Court’s judgment on the rule to show cause, quoted above, which held that each and every fact set forth in the request for admissions be deemed admitted by the defendants, was sufficient in itself to maintain a motion for summary judgment for the reason that there then was no genuine issue of fact which *62 would prohibit mover from being entitled to judgment as a matter of law — especially in view of the fact that the judgment on the rule to show cause was affirmed by the Court of Appeal, and writs denied by the Supreme Court although reserving the defendants’ rights to apply for writs in the event of adverse judgment on the merits.
In summary, the admissions place the plaintiffs in ■ possession of the property since 1934, the date of the acquisition by plaintiffs’ ancestor in title, and admit that the plaintiffs themselves were in possession of the property since that time and that defendants have never been in physical possession of the property, and admit the validity of various leases executed by the plaintiffs, and admit that the erection of a sign on a portion of the property in the latter part of 1961 was the first and only incident of possession by the defendants, all of which lend credence to the statement of this Court in its decision in this matter reported in 142 So.2d 815, as follows:
“It appears, therefore, that the effect of the lower court’s judgment decreeing the facts stated in appellees’ Request for Admission of Facts to be admitted by appellants is, for all practical purposes, tantamount to admitting appellants out of court. The net result of the order is to place appellants in position of having judicially acknowledged as true the salient facts upon which plaintiffs’ entire case is predicated. The importance of the effect of the judgment is readily recognized by appellees who, predicated thereon, have moved for summary judgment on the merits in their favor despite the pendency of defendants’ Exception of No Right and No Cause of Action which is yet to be disposed of. In this connection, we deem it important to point out that the principal issue raised by defendants’ said exceptions, namely, plaintiffs’ alleged lack of possession, would also appear to be foreclosed by the effect of the judgment appealed from since one result of the judgment is that defendants are held to have acknowledged defendants’ asserted possession.”
It must be emphasized that any further pleadings by the defendants which would have set up any facts in dispute with the admissions of fact requested were filed subsequent to the delays allowed for the filing of said objections and/or answers permitted by LSA-C.C.P. Article 1496, and would have by their very nature contradicted the admissions decreed so by the judgment on the rule to show cause, which judgment was decreed by this Court as a final judgment. It is therefore only logical to conclude that as these admissions of fact were deemed admitted they in effect, as stated by us, admitted defendants out of court and there was, insofar as this Court is concerned, no issue of disputed facts before the Trial Court at the time the motion for summary judgment was tried and the judgment of the District Court maintaining the motion for summary judgment is, based on the record, correct and should be affirmed.
With regard to the language of the Supreme Court reserving to appellants their rights under the complaint urged in the event of an adverse judgment on the merits, it is the opinion of this Court that that language merely does not preclude the defendants applying to the Louisiana Supreme Court for writs in connection with the matter now before this Court.
For the above and foregoing reasons the judgment of the District Court is affirmed.
Affirmed.