FOURNET, Chief Justice.
 

 We granted a writ of certiorari in', the above entitled case on application of the defendants
 
 [1]
 
 in order that we might review the judgment of the Court of Appeal for the First Circuit affirming the judgment rendered by the trial judge on motion of plaintiffs
 
 [2]
 
 for a summary judgment in their possessory action, which motion was based
 
 *799
 
 solely on certain facts deemed to have been admitted by defendants because of their purported failure to timely answer a request for admission of facts submitted by plaintiffs under Article 1496 of the recently adopted Louisiana Code of Civil Procedure,
 
 [3]
 
 when, in fact, there was pending for determination defendants’ timely filed exceptions of no cause and no right of action negativing these facts, and, in addition, an answer to the request for admission filed within the 15 days allowed by the trial judge. See, Voisin v. Luke, La.App., 185 So.2d 57; 249 La. 109, 185 So.2d 219.
 

 On January 2, 19d2, plaintiffs, alleging they were in physical possession of a certain tract of land in Terrebonne Parish —openly, publicly, peaceably, and without interruption for more than a year prior thereto — and defendants, by their execution on December 1, 1961, of a mineral lease and its recordation on December 19, 1961, had slandered their title thereto, instituted this possessory action, seeking judgment recognizing their possession as owners of the property, and to have defendants either disclaim title thereto or assert their claim, as well as for damages.
 

 Prior to answer by defendants, plaintiffs, on February 2, 1962, filed a request for admission of facts under Article 1496 of the Code of Civil Procedure, in which they sought to have defendants admit, in substance, that none of the defendants had been in possession of any portion of the property either before October 18,
 
 1934,
 
 or since; that named individuals had “exclusively trapped” the property for 4 years prior to 1933-34 season; and that plaintiffs had been in continuous possession of the property since Lawrence Voisin acquired it by an act of November 19,
 
 1934.
 

 Within 15 days after this request was filed, defendants, on February 12, 1962, filed exceptions of no cause and no right of action, properly verified,
 
 [4]
 
 in which they
 
 *801
 
 asserted “That neither plaintiff nor his ancestors in title
 
 had possession in any manner
 
 and could not have possession quietly and without interruption for more than a year immediately prior to the alleged disturbance on December 19, 1961 * * *,” pointing out that the petition itself “shows a prior and continuing disturbance within a year immediately prior to the disturbance alleged by plaintiff, and does not therefore conform to the requirements of Art. 3658 Sec. 1 of the La. Civil Code of Procedure,” for the 1961 lease, as quoted in the petition, contains a stipulation in which it is conceded defendants had granted a lease covering the disputed property on April 6, 1960. (The emphasis has been supplied.)
 

 The judge fixed these exceptions for trial on February 20, 1962, at which time he merely referred them to the merits. On that day he did, however, permit plaintiffs’ counsel to prove the request for admission had been mailed defendants more than 15 days prior thereto, despite vigorous protest of defense counsel that the exceptions were a full and complete answer to the request and had been mailed within the designated 15 days after receipt of the request. The judge, nevertheless, allowed defense counsel “a delay of fifteen (15) days from date within which to file an Answer.”
 

 Three days later (February 23, 1962), defendants further answered” the request, denying plaintiffs had been in complete, unequivocal, undisturbed, and continuous possession of the property, or that the parties named in the request had ever exclusively trapped thereon, asserting defendants at all times — -both prior and subsequent to October 18 and November 19, 1934 — exercised complete possession over the property.
 
 [5]
 
 The next day plaintiffs ruled defendants to show cause on March 9, 1962, why this answer should not be declared null and without effect since it was not timely filed, and, on that day, this rule was made absolute. Although defendants appealed therefrom, plaintiffs, on March 12, 1962, moved for a summary judgment, asserting that since the answer was voided by the court under the rule, defendants were deemed to have admitted all facts sought to be elicited under the admission procedure.
 

 In the meanwhile, in the appellate court plaintiffs sought to have the appeal from the judgment making the rule absolute dismissed on the ground it had not been taken from a final judgment. That court pointed out that under Articles 1841 and 2083 of the Code of Civil Procedure judgments are appealable when (1) they determine the merits in their entirety, (2) in part, and (3) determine preliminary matters that may cause irreparable injury. The court further pointed out that the only
 
 *803
 
 questions at issue in the possessory action were plaintiffs’ alleged possession and defendants’ reputed slander thereof, whereas the request for admissions sought to have defendants admit plaintiffs’ possession since 1934, as well as to admit defendants had not exercised any possession of the property until the latter part of 1961, which admissions, for all practical purposes, were ■“tantamount to admitting appellants out of court. The net result of the order is to place appellants in position of having judicially acknowledged as true
 
 the salient ■facts upon which plaintiffs’ entire case is predicated.’’
 
 In denying the motion to dismiss the appeal, the court concluded the judgment
 
 had "the effect of settling and disposing, adversely to defendants’ position, of all important factual issues presented by the pleadings,” thus unquestionably "depriving defendants-appellants of serious and important rights and benefits, namely, the right to contest plaintiffs’ alleged possession ■which purported possession is an indispensable prerequisite to plaintiffs’ right to maintain the present action.”
 
 See, Voisin v. Luke, La.App. 142 So.2d 815. Despite this conclusion, the court affirmed the lower court judgment on the rule, thus depriving the defendants of their right under the exceptions to contest, the possession of plaintiffs that was, admittedly, an “indispensable prerequisite” to their right to maintain the possessory action. See, Voisin v. Luke, La.App. 151 So.2d 99. At this point we refused to review the matter because the judgment was not final. However, we reserved defendants’ rights thereunder “in the event of an adverse judgment on the merits.” See, 244 La. 469, 152 So.2d 563. (The emphasis has been supplied.)
 

 Following defendants’ unsuccessful appeal from the judgment on the rule, plaintiffs renewed their motion for a summary judgment and defendants filed a motion and objection in which they reurged their exceptions, insisted on a trial thereof, objected to the introduction of any evidence on the motion until the exceptions were disposed of, and, without relinquishing any of these rights, attached, according to Articles 966 and 967 of the Code of Civil Procedure, the act under which defendants acquired the property in 1925 from parties who had purchased it in 1917, as well as affidavits of 7 persons living in the vicinity of the property (other than the 5 defendants, who also furnished an affidavit) substantiating the claim of defendants that they had not only had possession of the property for more than a year prior to institution of the suit, but, indeed, for more than 30 years. Despite this, the lower court rendered a summary judgment recognizing the possession of plaintiffs as owners of the property in controversy because of failure to timely answer the request for admission, and ordering defendants to cither disclaim title or assert such right as they might have in a petitory action to be filed within 60 days. This judg
 
 *805
 
 ment was'affirmed'on appeal.
 
 [6]
 
 We granted this writ to review the judgment. See, Voisin v. Luke, 185 So.2d 57; 249 La. 109, 185 So.2d 219.
 

 The request for admission of facts under Article 1496 provides what has been characterized as a “drastic remedy”
 
 [7]
 
 and is an innovation in the civil procedure of Louisiana. It is patterned on statutes in other jurisdictions, particularly Federal Rule 36. Its purpose, application, and effect is, therefore, one of first impression in this court, although two other cases have been decided under this article in the appellate courts.
 
 [8]
 

 According to the pronouncements of the federal courts, and those of other jurisdictions having similar statutes, this procedure is designed to expedite the trial of cases and reduce to a minimum the expense involved, although, unlike the pretrial conference and the interrogatory,' it cannot be used as a pre-trial discovery' device, for it is generally agreed its employment presupposes the requesting party knows the facts sought to be admitted and merely desires to ascertain and circumscribe the contested factual issues that are to be ultimately litigated. In other words,
 
 the purpose "is to require admission of matters
 
 which ought to be admitted, or
 
 which will not be disputed at the trial, so that the time, trouble and expense required to 'prove them may be avoided.”
 
 Metropolitan Life Ins. Co. v. Carr, D.C., 169 F.Supp. 377. As otherwise stated, its purpose is to eliminate the necessity of proving
 
 uncontroverted facts.
 
 It may not, therefore, be applied to a
 
 controverted legal issue
 
 lying at the heart of a case.
 
 [9]
 
 (The emphasis has been supplied.)
 

 
 *807
 
 The procedure is not considered as pleading, was never intended to cover an entire case and every item of evidence, or to permit technical considerations to prevail to the detriment of substantial justice. An untimely answer should never, therefore, automatically result in an admission, since the suppression of the real facts might result.
 
 [10]
 

 “These Rules * * * are * * * intended to promote and not to obstruct the administration of justice and thus enable the Court to do substantial justice rather than to decide cases iipon technicalities which have no relationship whatever to the rights of the parties to the litigation.”
 
 Walsh v. Connecticut Mutual Life Ins. Co., D.C., 26 F.Supp 566. Consequently,
 
 “The admissions cannot be taken as controlling. Decisions should not be based on mere matters of pleadings or technical admission.”
 
 Frankel v. International Scrap Iron and Metal Co., D.C., 157 F.Supp. 709.
 
 “The Federal Rules reject the approach that pleading is a game of skill
 
 in which one misstep by counsel may be decisive to the outcome
 
 and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.”
 
 Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80. It logically follows that “if the sufficiency of responses is doubtful they will not be considered as admissions, and even if the responses are not in complete accord with the rule, the court may grant leave to file additional statements in greater detail.” 2A Barron and Holtzoff, Federal Practice and Procedure 519, Section 837. (The emphasis has been supplied.)
 

 We think the foregoing is consonant with the intention of the legislature in incorporating Article 1496 in our Code of Civil Procedure, for a mere reading of the comments under the various articles of this new procedural code, as well as various articles written by the codifiers during the years it was in preparation, reveal the code’s basic design is to insure justice to all parties as expeditiously as possible, with the result that technicalities long employed to circumvent a judicial hearing of a complaint on the merits are not to prevail. Certainly the innovation of the admission procedure should not be sanctioned as a device for entrapping or tricking a litigant into admitting himself out of court
 
 *809
 
 without a trial of the merits, or even of exceptions that, if tried, would reflect the plaintiff was without a right or a cause of action, and all the more particularly where these exceptions have been neither maintained nor overruled in so far as the property in controversy is concerned, but, instead, referred to the merits of the case for decision.
 

 We therefore conclude the trial judge erroneously granted a summary judgment in this case for, at the time the judgment was rendered, there were before the court timely filed, verified, and untried exceptions of no cause and no right of action
 
 [11]
 
 in which defendants specially denied plaintiffs and their ancestors in title had ever been in possession of the property in any manner, and, also, that they had had possession for one year prior to the institution of the suit; the answer to the request for admissions, filed within the 15 days allowed by the trial judge, in which defendants categorically denied each and every fact sought to be admitted; the answer to the petition generally denying all of plaintiffs’ allegations; and the answer to the motion for a summary judgment in which they again denied plaintiffs’ possession and insisted upon a prior hearing of the exceptions, to which answer were attached verified affidavits by numerous persons asserting defendants had been in possession of the property for more than 30 years prior to the institution of the action.
 

 For the reasons assigned, the judgments of the district court and of the Court of Appeal are annulled and reversed; the rulings of the trial judge, affirmed by the Court of Appeal, declaring the answer filed by the defendants null and of no effect and the matter in the questions propounded by plaintiffs deemed admitted, are overruled; and the case is remanded to the trial court for further proceedings consistent with the views herein expressed. All costs in this and the appellate court are to be borne by the plaintiffs; all other costs are to await the final determination of the matter.
 

 [1]
 

 .
 
 Whitney Lulco, Mrs. Wilma Luke Blanchard, Pierre W. (Willie) Luke, Mrs. Leana Luke Bourg, and Mrs. Winnie Luke Thibodaux.
 

 [2]
 

 . Anthony Voisin, husband of .Eunice Blanchard; Lucy Voisin, wife of George Blanchard; Mary Voisin, wife of Julien Trosclair; and Antoinette Voisin, wife of: William Fanguy..
 

 [3]
 

 . The pertinent portion of this article provides: “After commencement of an action a party may serve without leave of court upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described m and exhibited with the request
 
 or of the truth of any relevant matters of foot
 
 set forth in the request. * * * Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than fifteen days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to Whom the request is directed serves upon the party requesting the admission either: (1)
 
 An affidavit denying
 
 specifi
 
 catty the matters of which an admismission is requested
 
 or setting forth in detail the reasons why he cannot truthfully admit or denying those matter's, or (2) Written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. * * * ” (The emphasis has been supplied.)
 

 [4]
 

 . Article 1496 does not require that the answer be in any particular form, only that the denial be by affidavit, and the companion article (1514) reflects a “sworn denial'’ is a sufficient answer to a request for admission.
 

 [5]
 

 . Defendants later answered the petition itself, admitting execution of the lease of December 1, 1961, but generally denying all other allegations of the petition.
 

 [6]
 

 . Defendants first sought writ relief here, but this was denied as the matter was not one appealable directly to this court. See, 247 La. 617, 172 So.2d 701. This is, thus, the third time the matter has been before this court.
 

 [7]
 

 . Walsh v. Connecticut Mut. Life Ins. Co., D.C., 26 F.Supp. 566, 573.
 

 [8]
 

 . In Champagne v. Marmande, La.App., 162 So.2d 220, the court struck down the contention the opponent was deemed to have admitted the substance of queries addressed to him because he did not sign the answer to the request and there was no affidavit filed specifically denying the matter sought to be admitted until the day of the trial. In Lococo v. Nola Bonding Co., La.App., 173 So.2d 865, before going to trial on the merits, plaintiff sought and obtain a judgment casting defendants in costs because their answers to a request were assertedly false. This was reversed on appeal, the court stating the statute does not require de- - fendants to volunteer disclosures, admissions, or explanations not called for by the request.
 

 [9]
 

 .See, Williams v. Marziano, 78 N.J.Super. 265, 188 A.2d 314; Strasser v. Fascination Candy Co., D.C., 7 F.R.D. 267; Benton v. McCarthy, D.C., 23 F.R.D. 235; and Pittsburgh Hotels Ass’n., Inc. v. Urban Redevelopment Authority of Pittsburgh, D.C., 29 F.R.D. 512. See, further, 2A Barron and Holtzoff, Federal Practice and Procedure, Sections 831, etc.; 4 Moore’s Federal Practice 277, 1958 Supp. 152, and the Second Edition at page 2711, Section 36.04; as well as 53 Illinois Bar Journal 848 and 71 Yale Law Journal 371.
 

 [10]
 

 . See, Bowers v. E. J. Rose Mfg. Co., 9 Cir., 149 F.2d 612, 614; Walsh v. Connecticut Mutual Life Ins. Co., D.C., 26 F.Supp. 566; Ark-Tenn Distributing Corp. v. Breidt, D.C., 110 F.Supp. 644, affirmed, 3 Cir., 209 F.2d 359; Frankel v. International Scrap Iron and Metal Co., D.C., 157 F.Supp. 709; Benton v. McCarthy, D.C., 23 F.R.D. 235; Kasar v. Miller Printing Machinery Co., D.C., 36 F.R.D. 200; Pittsburgh Hotels Ass’n. v. Urban Redevelopment Authority, D.C., 29 F.R.D. 512; 2A Barron and Holtzoff, Federal Practice and Procedure, Section 837; 4 Moore’s Federal Practice, Section 36.08; and the discussion at 71 Yale Law Journal 432-33.
 

 [11]
 

 . As pointed out above in Footnote No. 4, the Code of Civil Procedure makes no provision for any specific form to be followed in the filing of an answer to the request for admission, it being sufficient if only by affidavit in which all of the matters sought to be admitted are specifically denied.