ON MOTION TO DISMISS APPEAL
SARTAIN, Judge.
This is a devolutive appeal from the trial court’s judgment overruling exceptions of no right and no cause of action. A chronological review of the facts and circumstances which gave rise to this appeal is necessary in order to place the contentions of the adverse parties in proper perspective. This case was initially before this court on a motion to dismiss, 142 So.2d 81S, at which time we set forth the sequence of events which culminated in said motion:
“On January 2, 1962, plaintiffs-appellees instituted this suit as a possessory action. In their original petition plaintiffs allege physical possession of subject property openly, publicly, peaceably and .without interruption for more than one year pri- or to institution of suit. Plaintiffs further allege that defendants have slandered plaintiffs’ title to the property in dispute by the execution of an oil, gas and mineral lease in favor of Texas Liberty Gas Corporation covering subject property under date of December 1, 1961, which said mineral lease was recorded in the records of Terrebonne Parish, Louisiana, December 19, 1961.
On January 19, 1962, defendants were granted an extension of 20 days (to February 8, 1962) within which to answer and plead in defense of plaintiffs’ demand.
Thereafter, on February 2, 1962, petitioners filed a Request for Admission of Facts pursuant to the authority of Article 1496 LSA-C.C.P. requesting and requiring that the facts therein stated be admitted or denied by defendants in the manner provided for by law within 15 days from February 2, 1962 (the date shown on the postmark of the envelope in which certified copies of said Request for Admission of Facts were mailed to each defendant).
Subsequently on February 12, 1962, defendants filed Exceptions of No Right and No Cause of Action which in substance amounted to an exception of want of possession. Defendants’ Exceptions of No Right and No Cause of Action were duly tried by the court below which tribunal on February 20, 1962, rendered judgment referring said exceptions to the merits.
Twenty-one days after the mailing of plaintiffs’ Request for Admission of Facts, namely, on February 23, 1962, defendants filed answers thereto. Plaintiffs then, on February 24, 1962, petitioned the court for Rule Nisi ordering defendants to show cause why the facts alleged in plaintiffs’ Request for Admission of Facts should not be deemed admitted, which said rule was returnable March 9, 1962. Prior to trial of the aforesaid rule, defendants answered plaintiffs’ initial petition, said answer being filed on March 5, 1962. After trial on March 9, 1962, judgment was rendered making plaintiffs’ rule absolute, decreeing defendants’ answer to plaintiffs’ Request for Admission of Facts to be null, void and of no effect and adjudging the facts set forth in plaintiffs’ Request for Admission of Facts to be deemed admitted by defendants. Predicated on the contention that the facts thus declared to have been admitted by defendants disposed of all of the factual issues involved in this controversy, plaintiffs, pursuant to the provisions of Article 966, LSA-C.C.P., on March 12, 1962, filed a motion for summary judgment herein, which said motion was set for trial April 2, 1962. However, before trial of plaintiffs’ motion for summary judgment, defendants herein moved for and were granted a devolutive appeal from the trial court’s *918 judgment of March 9, 1962, declaring the facts contained in plaintiffs’ Request for Admission of Facts to have been admitted.”
This court held that a judgment declaring that facts stated in plaintiffs’ request for admission of facts had been admitted by defendants directly touched upon and affected the merits and outcome of the case. The judgment of the trial court was found to be “assimilated in character to a final judgment and is, therefore, appealable”. 142 So.2d 819.
Subsequently, briefs were submitted to this Court and the validity of defendants’ answers to the request for admissions was presented to this Court. On February 22, 1963, the judgment of the district court was affirmed, and this court held that the exception of no right of action añd no cause of action filed by the defendants did not constitute a timely and proper objection to the request for admissions of fact in this pos-sessory action where the exception amounted to an exception of want of possession, and that therefore the defendants were in the position of having no answers or objections of record when the exception of no right and no cause of action was not sustained. Voisin v. Luke, La.App., 151 So.2d 99.
Defendants then applied to the Louisiana Supreme Court for writs of prohibition, certiorari, and mandamus. The Supreme Court, in 152 So.2d 563, refused the writs, but noted “The judgment is not final. Applicants’ rights under the complaint urged are reserved to him in the event of an adverse judgment on the merits.”
As was previously noted, plaintiffs-ap-pellees, on March 12, 1962, filed a motion for summary judgment which was not heard because of the intervening appeal to this court. Therefore, on May 27, 1963, an additional motion for summary judgment was filed. This motion was heard on June 7, 1963, but not signed until January 18, 1965, due to the fact that the judgment originally presented for signature was incorrect. The above judgment also overruled the exception of no right of action and no cause of action filed by defendants on February 12, 1962, originally tried on February 20, 1962, and subsequently re-urged by defendants on May 7, 1963.
Subsequently, defendants applied to the Louisiana Supreme Court for writs of prohibition, certiorari, and mandamus, which were denied on March 29, 1965. Thereafter, defendants appealed to this court which, on January 24, 1966, affirmed the granting of the motion for summary judgment.
The Louisiana Supreme Court, on November 7, 1966, reversed this decision, holding that the defendants’ exception of no right or cause of action by which they made denials was timely filed (whereas defendants purportedly failed to file timely answer to request) and therefore defendant would not be deemed to have admitted facts sought to be elicited by the request for admission of facts.
Upon remand of the case, the trial court on May 18, 1967, overruled the exceptions of no cause of action and no right of action. Defendant then sought writs from this court, alleging that the trial court erred in construing the following language in the Supreme Court decision in Voisin v. Luke, 249 La. 796, 191 So.2d 503 at page 507:
“ * * * Certainly the innovation of the admission procedure should not be sanctioned as a device for entrapping or tricking a litigant into admitting himself out of court without a trial of the merits, or even of exceptions that, if tried, would reflect the plaintiff was without a right or a cause of action, and all the more particularly where these exceptions have been neither maintained nor over *919 ruled in so far as the property in controversy is concerned, but, instead, referred to the merits of the case for decision.” (Emphasis ours)
Defendants contend that the Supreme Court, by the above language, has indicated that the exceptions should be maintained.
On August 8, 1967, the writs were refused by this court on the grounds that there was an adequate remedy by appeal.
Defendants have entered the present appeal and allege that the exceptions of no cause of action and no right of action were improperly overruled.
Defendants have misunderstood our directive “adequate remedy by appeal.” This should be construed to mean appeal on the merits.
Article 2083 CCP:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
A judgment overruling an exception of no right or cause of action is an interlocutory judgment and the rendering of such decree can not cause irreparable injury to the defendant. Rapides Cent. Ry. Co. v. Missouri Pac. R. Co. et al., 207 La. 870, 22 So.2d 200; Dietz v. Eunice-Crowley Oil Co., Inc., et al., La.App., 193 So.2d 94. Lounsberry v. Hoffpauir, La.App., 199 So. 2d 553.
For the above and foregoing reasons the motion to dismiss the appeal herein is granted and this matter is remanded for a trial on the merits.
Appeal dismissed, remanded.