379 So.2d 78 (1980)
William D. O'REGAN, III, et al.
v.
Leroy LABAT.
No. 11165.
Court of Appeal of Louisiana, Fourth Circuit.
January 8, 1980.
William D. O'Regan, III, LaPlace, for relators.
Becnel & Faucheux, Robert R. Faucheux, Jr., Reserve, for respondent.
Before SAMUEL, LEMMON and GULOTTA, JJ.
LEMMON, Judge.
This matter comes before the court on an application for supervisory writs, filed pursuant to C.C.P. art. 2201. In their applications plaintiffs complain of the trial court's denial of their motion to strike late answers to their request for admissions and to deem admitted the truth of the matters set forth in the request. See C.C.P. arts. 1466, 1467.
There must be a limitation in allowing late answers to a request for admissions; on the other hand, however, an admission resulting from a late answer should not be automatic.
In the present case plaintiffs' request seeks admission of many matters constituting controverted issues of law lying at the heart of the case. Automatic admission resulting from late answers would unduly suppress the determinations of the merits of the case. Moreover, there is no prejudice shown to the requesting party by the judgment refusing to strike the late answers. See Voison v. Luke, 249 La. 796, 191 So.2d 503 (1966); 8 Wright & Miller, Federal Practice and Procedure, § 2257 (1970); Finman, The Request for Admissions in Federal Civil Procedure, 71 Yale L.Rev. 371, 432 (1962).
The application is denied.
APPLICATION DENIED.
GULOTTA, Judge, concurs and assigns reasons.
I agree with the trial judge that a request for admissions of fact requires service by the sheriff and no such service was made in this case. See LSA-C.C.P. 1313, 1314, and 1474.
*79 The sanctions imposed by the failure of a party to respond to a notice for taking interrogatories are quite different from the sanction imposed by the failure to timely answer a request for admissions. Interrogatories or depositions may be rescheduled, or a rule to compel answers to the interrogatories or to compel one to submit to the taking of depositions may be filed, if a response is not made to the notice by mail. On the other hand, a party who fails to respond to a notice by mail of a request for admissions is deemed to have admitted facts sought in the request. By permitting admissions merely on representation, by the party seeking the request, that notice has been sent by mail (with no requirement for registered or certified mail) a party may be irreparably damaged.
Accordingly, I concur in the denial of the writ application.