432 So.2d 1135 (1983)
D.H. HOLMES CO., LTD., Plaintiff-Appellant,
v.
Gene DRONET, Defendant-Appellee.
No. 83-10.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
*1136 Gregory M. Eaton, Baton Rouge, for plaintiff-appellant.
Patricia Thomas, Abbeville, for defendant-appellee.
Before GUIDRY, STOKER and LABORDE, JJ.
LABORDE, Judge.
D.H. Holmes Co., Ltd. filed suit on an open account against Gene Dronet for an outstanding debt of $305.64 plus interest and attorneys fees. Judgment was rendered in favor of Holmes in the amount of $81.09 with 18% interest from September 19, 1981, 25% attorneys fees and costs. Holmes appeals and assigns two (2) trial court errors:
1) Failure to accept the amount due established by requests for admission; and
2) Ruling that Holmes had failed to establish a prima facie case.
We conclude that the trial judge erred in failing to grant judgment in favor of Holmes as prayed for. Hence, we amend and affirm.
On appeal we are presented with the pleadings of the litigants and a narrative transcript of the trial prepared pursuant to LSA-C.C.P. 2131. The narrative was agreed to and signed by the attorneys for the litigants.
Holmes first contends that the trial court erred in not awarding judgment as prayed for since the defendant failed to file answers to Holmes' request for admissions within fifteen (15) days as provided by Article 1467 of the Code of Civil Procedure. We disagree. While it is true that the defendant did not answer the request for admission within fifteen (15) days, he did deny owing any debt by his answer to interrogatories and by answer to Holmes' suit for breach of contract. In our view, failure to answer under Article 1467 does not per se result in requests for admissions being deemed an admission of the facts sought to be established. This device should not be applied to a controverted legal issue which goes to the heart of the merits of a case. In this instance, defendant denied he owed any debt to Holmes by his answer to interrogatories and by his answer to Holmes' petition. It was then Holmes' burden to prove each element of its claim. Entron, Inc. v. Callais Cablevision, Inc., 307 So.2d 787 (La.App. 1st Cir.1975).
*1137 Secondly, Holmes contends that the trial court erred in ruling that it had not presented a prima facie case. The narrative transcript of trial reflects that Holmes introduced the entire record into evidence, particularly the petition, request for admissions, affidavit of Holmes' collection manager, itemized statement of account, credit application, and Marshal's return. In the narrative, defendant stated that the charges had been made by his wife and he did not know the amount. Finally, defendant stated that he acknowledged the debt. Defendant then rested his case.
Since the defendant offered no proof to counter Holmes' evidence, but instead acknowledged the debt and rested his case, we can only conclude that plaintiff is entitled to recover the entire amount sued for. Fontenot v. Lafleur, 341 So.2d 62 (La.App. 3rd Cir.1976).
For the above and foregoing reasons the trial court judgment is amended to award judgment in favor of D.H. Holmes Co., Ltd. and against Gene Dronet in the amount of $305.64 with 18% interest from February 2, 1982, plus 25% attorney's fees and as amended the judgment is affirmed.[1] Defendant-Appellee to pay all costs.
AMENDED; AFFIRMED AS AMENDED.
NOTES
[1] As prayed for in plaintiff's petition.