526 So.2d 337 (1988)
Charlie DAVIS and Michelle Brown
v.
WESTINGHOUSE ELECTRIC CORPORATION.
No. CA-9212.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1988.
James E. Cazalot, Jr., New Orleans, for plaintiffs/appellants.
Ernest P. Gieger, Jr., Christopher J. Aubert, McGlinchey, Stafford, Mintz, Cellini and Lang, P.C., for defendant/appellee.
Before SCHOTT, BYRNES and LOBRANO, JJ.
SCHOTT, Judge.
Plaintiffs have appealed from a summary judgment dismissing their suit. They alleged in their petition that they were injured when an elevator in which they were passengers suddenly plunged downward; and that defendant, the manufacturer of the elevator, was at fault in failing to provide proper installation, inspection, and repair of the elevator. Defendant propounded to plaintiffs a request for admissions to which they responded. On defendant's motion, the trial court on August 7, 1987 found their responses inadequate and ordered them to make a proper response within fifteen days. When plaintiffs failed to comply with this order, defendant moved for summary judgment based on matters deemed admitted because of their failure to comply. Upon being served with defendant's motion for summary judgment plaintiff filed supplemental responses and a motion to withdraw any admissions deemed to have been made by their failure to comply with the court's August 7 order. The trial court granted summary judgment and dismissed plaintiffs' suit. The basic issue is whether the trial court's action was authorized by law and whether such action was a proper exercise of the court's discretion.
Included among the admissions being requested were the following:
4
No mechanical or electrical component part of the elevator failed precipitating the occurrence of the subject accident.

The cable of the elevator did not pop, break or otherwise malfunction causing the subject incident.
*338 If these matters were properly admitted by plaintiffs their case was properly dismissed on defendant's motion for summary judgment because there was no genuine issue of the fact that the elevator contained no defect and did not malfunction. The only question is whether the trial court erred in deeming the matters admitted as a result of plaintiffs' failure to comply with the order granting them fifteen days to respond.
When a party files a request for admission the matter is deemed admitted unless the party served with the request responds or objects within fifteen days. LSA-C.C.P. art. 1467. In this case the court, on defendant's motion, found the response to be inadequate and ordered plaintiffs to serve an amended response within an additional fifteen days, also in accordance with art. 1467. Under the plain wording of the statute the result of plaintiffs' failure to comply with the court's order was an admission as to the matters submitted.
However, plaintiffs' contend that the request for admissions procedure was inappropriate because it may not be applied to "a controverted legal issue lying at the heart of a case" according to Voisin v. Luke, 249 La. 796, 191 So.2d 503 (La.1966). However, in Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325 (La.1977) the court held there was no prohibition against the use of the request for admissions to establish an issue which constituted the crux of the matter in litigation. The court explained that the language of the Voisin case was applicable to that case because of its peculiar facts. But those facts are wholly unlike those of the instant case. This same conclusion was reached by the court in Jones v. Gillen, 504 So.2d 575 (La.App. 5th Cir.1987), writ denied 508 So.2d 86. Accordingly, the trial court properly applied the procedure in this case even though the result was the dismissal of plaintiffs' suit on defendant's motion for summary judgment.
In reaching this conclusion we also considered O'Regan v. Labat, 379 So.2d 78 (La.App. 4th Cir.1980) in which this court held that an admission resulting from a late answer should not be automatic. The trial court's action in this case was hardly automatic. The matters were deemed admitted only after an initial period when plaintiffs filed an inadequate response plus an additional period given to them in a formal order after a hearing during which they failed to amend their previous inadequate response.
Plaintiffs argue that the trial court's action was an unfair application of technicalities which result in an unjust deprivation of their right to have their case tried. They filed suit in October, 1985 and the case had been set for trial on two occasions before the request for admissions was served. Plaintiffs had ample time to develop their case and prepare for trial. Defendant was entitled to employ the admissions procedure and to invoke its sanctions. Plaintiffs were not entitled to ignore the plain wording of art. 1467 and the specific direction of the trial court to amend their previous inadequate responses. We find that deeming the matters admitted and granting the summary judgment under the circumstances was within the sound discretion of the trial court.
Accordingly, the judgment appealed from is affirmed.