914 So.2d 44 (2005)
PHELPS DUNBAR, L.L.P.
v.
Guy STOUT and Envirotech Services, L.L.C.
No. 2004-CA-0785.
Court of Appeal of Louisiana, Fourth Circuit.
June 15, 2005.
Rehearing Denied November 30, 2005.
*45 Christopher K. Ralston, Phelps Dunbar, L.L.P., New Orleans, LA, for Plaintiff/Appellee.
Gilbert V. Andry IV, The Andry Law Firm, L.L.C., New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS SR., Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR.).
MICHAEL E. KIRBY, Judge.
Guy Stout takes this appeal, from the trial court's partial grant of summary judgment in favor of plaintiff law firm and the subsequent denial of his motion for new trial. He contacted Virginia Boulet, a family friend, and a lawyer with the plaintiff law firm. Boulet subsequently left the firm after she had performed work for Stout[1], and the firm sued him "on open account" for alleged legal fees totaling $41,396.60 performed by Boulet. The firm later moved for summary judgment.
In support of the motion for summary judgment, the firm filed a demand letter of August 22, 2002, written by Harvey Wagar, a member of the management committee for the firm, a statement of uncontested *46 material facts setting forth the amount due and lack of payment, and a set of requests for admissions, interrogatories and request for production of documents. The hearing was set for October 31, 2004.
On the day before the hearing[2], Stout filed a general denial to the request for admissions, interrogatories and requests for production of documents. He also filed two affidavits; his own and Boulet's. In his affidavit, he stated that: he never engaged the firm to provide legal services; there was no agreement to price, object or fees; there was no contract existing between him and the firm; Boulet performed the work pro bono as a favor to his family; he never made any payment to the firm; Boulet left the firm; he did not receive any demand for payment until after her departure; the firm fabricated a bill that was not based on any time sheets executed by Boulet; the firm itself never performed legal services for him; there was no open account existing between him and the firm; and no fees were due.
In Ms. Boulet's affidavit, she stated that: Stout had been her client at the firm and he had in fact hired her; that she is indeed his family friend and that she never sent him a bill nor intended to send him a bill; there was no contract between Stout and the firm; she did not keep time sheets regarding his case; after her departure, the firm recreated the time she spent on the case without benefit of time sheets and, in fact, the time calculation was inaccurate; and, no open account, contract or payment schedule ever existed between Stout and the firm.
At the hearing, Stout's counsel stated that he had suggested to the firm that the hearing be continued because of the affidavit and the countervailing affidavit. At the request of the firm, the trial court proceeded. The trial judge stated that she had not read the affidavits because they had been filed late[3]. The trial court granted the firm's summary judgment, essentially finding that an open account existed based solely on the firm's allegations and the request deemed admitted for untimely answer. To the contrary, Stout's affidavit stated he never owed or paid any monies to the firm.
After the granting of the motion for summary judgment, Stout timely moved for new trial, which motion was based on an argument that the trial court erroneously found that Stout had made a payment on the account. Another hearing was held at which time Stout argued that there had been no proof of payment on an open account submitted at the hearing on the motion for summary judgment. The firm made procedural arguments that: 1) Stout failed to oppose the motion for partial summary judgment timely; 2) summary judgment was appropriate based on the affidavit of Wagar, partner in the firm and practice coordinator for Boulet, stating that he sent Stout a demand letter via certified mail stating that payment was due and establishing the amount; and 3) because Stout failed to respond to the firm's discovery within fifteen days he admitted the firm's factual conclusions that established the essential elements of an open account. The firm also argued that while it "performs pro bono legal services for the indigent and disadvantaged, [it's] *47 pro bono program does not undertake free representation of successful businessmen, such as Mr. Stout, or their businesses, such as Envirotech Services, L.L.C." and that "Ms. Boulet [did] not have authority to override the firm's billing/ accounting department and her practice coordinator, especially insofar as she is no longer even a partner in the firm."
The trial court denied the motion for new trial, finding that Boulet's affidavit had not been timely filed and that the firm's unsubstantiated allegations of a partial payment made by Stout showed that an open account existed between the parties. This appeal follows[4].

STATEMENT OF THE LAW
Appellate courts review the grant or denial of a motion for summary judgment de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action or defense in favor of one or more parties. La. C.C.P. art. 966(E); see also La. C.C.P. art. 1915(B)(1).
A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Hardy v. Bowie, 98-2821, p. 6 (La.09/08/99), 744 So.2d 606, 610. Simply put, a material fact "is one that would matter on the trial on the merits." Smith, Id.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by La. C.C.P. art. 969. La. C.C.P. art. 966(A)(2). Summary judgments are favored, and the summary judgment procedure shall be construed to accomplish those ends. Id. Nevertheless, despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubt must be resolved in the opponent's favor. Willis v. Medders, 2000-2507, p. 2 (La.12/08/00), 775 So.2d 1049, 1050. A court cannot make credibility determinations on a motion for summary judgment, and must assume that all of the affiants are credible. See Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, pp. 16-17, 755 So.2d at 236.
There are three issues here. The first is whether this case is one in which summary judgment should be granted. The second is whether privity of contract existed between Stout and the firm. As will be addressed later, assuming that the admitted *48 request for admissions are not withdrawn by the untimely answer, then the firm could use that procedural ploy to prove privity of contract. Nevertheless, a final issue exists in whether the firm carried its burden in proving an open account. La. R.S. 9:2781(D) defines open account:
For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including, but not limited to, legal and medical services.
An open account has been compared to a credit account. Dixie Mach. Welding & Metal Works, Inc. v. Gulf States Marine Tech. Bureau, Inc., 96-869 (La.App. 5 Cir. 3/12/97), 692 So.2d 1167, 1169. This court in Olinde v. Couvillion, 94-1275 (La.App. 4 Cir. 2/23/95), 650 So.2d 1241, 1242, recognized an open account as existing when professional services are rendered over a period of time and annexed thereto is a "running" balance of charges and payments. In Herb's Machine Shop, Inc. v. John Mecom Co., 426 So.2d 762, 765 (La. App. 3 Cir.), writ denied, 430 So.2d 98 (La.1983), the Third Circuit recognized the following factors in determining whether a course of dealings is considered an open account:
1. Whether there were other business transactions between the parties;
2. Whether a line of credit was extended by one party to the other;
3. Whether there are running or current dealings; and
4. Whether there are expectations of other dealings.
See also Tyler v. Haynes, 99-1921, p. 5 (La.App. 1 Cir. 5/3/00), 760 So.2d 559, 563.
Here, the trial court relied upon the firm's untimely answered request for admissions as a basis for its judgment. We found in the record denial of the relevant issues in defendant's answer, that were later propounded in the form of request for admissions. We also found an untimely denial of the request for admissions.
La. C.C.P. art. 1467, states that when a request for admission is not answered within fifteen days, then it is deemed admitted by the opposing party. La. C.C.P. art. 1468, states:
Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission....
Numerous cases interpret these Articles with numerous results as to what constitutes an admission and what constitutes a withdrawal of an admission. We note that procedural rules should be liberally construed so as to do substantial justice. La. C.C.P. art. 865; Turnage v. Century Telephone Enterprises, Inc., 604 So.2d 207, 208 (La.App. 2 Cir.1992); See also Berman v. United States, 378 U.S. 530, 538, 84 S.Ct. 1895, 1899, 12 L.Ed.2d 1012 (1964) (J. Black, dissenting).
Louisiana courts have allowed late-filed denials to requests for admissions to constitute requests for withdrawal of those admissions, even if the responses were provided extremely late and were not presented to the court by a motion to withdraw or amend the admissions. See, e.g., O'Regan v. Labat, 379 So.2d 78 (La.App. 4th Cir.), writ denied, 379 So.2d 1099 (La. 1980); Hoskins v. Caplis, 431 So.2d 846 (La.App. 2nd Cir.1983); D.H. Holmes Co., Ltd. v. Dronet, 432 So.2d 1135 (La.App. 3rd Cir.1983); Jones v. Gillen, 504 So.2d 575 (La.App. 5th Cir.1987); Smitherman, Lunn, Chastain and Hill v. Killingsworth, *49 561 So.2d 816 (La.App. 2nd Cir.1990); Security Nat'l Trust v. Kalmback, 613 So.2d 664 (La.App. 2nd Cir.1993); State, Dept. of Social Services v. McCorkle, 97-13 (La. App. 5th Cir.4/29/97), 694 So.2d 1077. In several of these cases, the courts reasoned that the facts should not be deemed admitted because the parties had denied the contested facts in other pleadings or in testimony before the answers were filed. See, e.g., McCorkle, 694 So.2d at 1080 (plaintiff had continually asserted defendant was the father of her child, both before and after the request for admissions); Smitherman, 561 So.2d at 818 (trial began within the fifteen-day response period and the defendant denied those matters in testimony); Jones, 504 So.2d at 577 (request for admissions was denied only eight days late, and before that, the defendants repeatedly denied those allegations); D.H. Holmes, 432 So.2d at 1136 (plaintiff's claim denied by defendant's answer to interrogatories and answer to petition). However, in Vardaman v. Baker Center, Inc., 96-2611 (La.App. 1 Cir. 3/13/98), 711 So.2d 727, 734, the court upheld the admissions noting that the reports that were untimely filed did not prove sufficient exposure to chlordane.
In Huger v. Sewerage & Water Bd. of New Orleans, 95-2261 (La.App. 4 Cir. 3/27/96), 672 So.2d 1053, we held that the request for admissions be admitted due to the Board's failure to timely respond. Nevertheless, we also noted that the matter deemed admitted was that the Board was responsible for the proper connection of the subsurface drainage connection to the main drain line below the street in the French Quarter. This is distinguishable from the present case because the admission in Huger did not hinge entirely on a credibility determination based upon an affidavit and what was deemed admitted did not stand completely on its own without any other support. Moreover, Huger cited as authority Davis v. Westinghouse Electric Corporation, 526 So.2d 337 (La. App. 4 Cir.1988), which is clearly distinguishable based upon the fact that in Davis the party did not obey a court order to respond to the request for admissions.
We found only one case that was factually similar to the instant one in which a Louisiana court dealt with this issue of admissions, Entron, Inc. v. Callais Cablevision, Inc., 307 So.2d 787 (La.App. 1 Cir.1975). Entron was an action brought to recover a balance due on two contracts for construction and an open account for purchase of materials. The court stated that this deeming of discovery admitted is designed to expedite trial of cases and minimize the expense of litigation. The purpose of the provision is to require admission of matters that should be admitted, or which will not be disputed at the trial, and thus eliminate the need to prove uncontroverted facts. This case also cautioned against the use of the automatic admission "because the suppression of the real facts might well result from such a rule." Entron was not decided on summary judgment and held that because defendant sought by its answer to deny all plaintiff's allegations, and require plaintiff to produce proof of each element of plaintiff's claim, the defendant could refute what was deemed admitted by its untimely filing. Moreover the court noted that the request for admissions contained incongruities.
Here, unlike in Davis, there was no court order to respond to the discovery requests. Furthermore, the facts of this case are more similar to those of Entron, supra., where this whole matter hinges on a credibility call between opposing affidavits and where the requests for admissions do not conclusively resolve all the issues. We specifically note the absence in the firm's requests for admissions that Stout *50 ever paid any monies to the firm, a factor that should be met under these facts to prove an open account existed.
To grant a summary judgment based upon these facts, or lack thereof, requires us to view the evidence on more than one underlying issue in a light most favorable to the moving party.[5] Specifically, even deeming these requests for admissions proven conclusively (and that allows the firm to prove privity of contract, something it certainly has not done in the record), there is not sufficient evidence of the existence of an open account. This we cannot legally do. Reviewing this summary judgment de novo, we find that there exist genuine issues of material fact based upon the contradictions found in Wagar's affidavit vis-à-vis the affidavits of Stout and Boulet. We also note that we found no conclusive proof in the record that Stout ever made any payments to the firm.
For the aforementioned reasons, we reverse and remand for further proceedings in accord with this opinion.
REVERSED AND REMANDED.
LOVE, J., dissents and assigns reasons.
TOBIAS, J., concurs in the result and assigns reasons.
LOVE, J., dissents and assigns reasons.
I respectfully dissent from the majority's opinion. The trial court did not err in granting partial summary judgment. On August 22, 2002. The plaintiff propounded to the defendant, requests for admissions, interrogatories, and production of documents. Although the defendant filed a general denial to the request for admissions, interrogatories and request for production of documents on October 30, 2004, the defendant failed to provide responses to the request for admission, pursuant to La. C.C.P. art. 1467. La C.C.P. art. 1467 provides, in pertinent part:
... The matter is admitted unless, within fifteen days after service of the request, or within such shorter or longer time as the court may allow ...
Additionally, defendant served countervailing affidavits in opposition to plaintiff's Motion for Summary Judgment on October 30, 2004; however, these were not served at least eight days prior to the October 31, 2004 hearing, as required by La. C.C.P. art. 966(B), nor were these served at least four days prior to the hearing, as required by Rules for Louisiana District Courts 9.10(c).
In granting plaintiff's Motion for Summary Judgment, the trial court was guided by the applicable codal articles and district court rules in finding no genuine issue of material fact. Based upon the procedural posture of the present case, I do not find that the trial court erred in granting summary judgment. Unlike the majority, I find no basis to deviate from the established procedural codal articles and district court rules. Accordingly, I would affirm the judgment of the trial court.
TOBIAS, J., concurs in the result and assigns reasons.
I respectfully concur in the result.
This is a court of record and this court when rendering its decision cannot consider anything not formally made a part of the record. Putting aside the issue of the late filing of countervailing affidavits and the untimely responses to the requests for admissions,[1] I find that the other timely *51 filed pleadings, affidavits, et cetera, and made part of the record on appeal establish genuine issues of material facts that preclude the granting of the motion for partial summary judgment.
NOTES
[1] The firm alleges that it filed for and obtained a temporary restraining order, filed for a preliminary injunction, performed substantial document reviews, and negotiated a finalized settlement for Stout, and that he was satisfied with the work product. The firm stated that the legal work was significant-involving seven attorneys, two paralegals, and other staff members.
[2] The clerk's stamp shows that the affidavit was filed at 4:22 p.m. the afternoon before the hearing.
[3] See Rule 9.10(c), District Court rules, which provides: "affidavits in opposition to a motion for summary judgment must be served at least four days prior to the date of the hearing. A court may not allow filing of opposition affidavits fewer than four days prior to the date of the hearing except by amendment to these rules.
[4] At the granting of the motion, the trial court orally designated the judgment as a final judgment. A motion to dismiss this appeal was filed in this court by the law firm on the basis that the judgment was non-appealable under La. C.C.P. art. 1915(b); and, following a rule to show cause, this court denied the motion.
[5] This is contrary to what the Louisiana C.C.P. art. 966 requires.
[1] I cannot honestly say that the trial court abused its discretion in excluding the late filing and relying on the rules of court and law to do so.