COOKS, J.,
dissenting.
hi dissent from the majority’s decision to reverse the trial court’s judgment. The trial court was correct in finding Plaintiff failed to meet her burden of proof on her respective claims, and I would affirm the judgment in its entirety.
. As to the finding that the trial court committed an error of law in not deeming admitted for purposes of this litigation that the rent on the property was $600.00 per month due to Defendants’ purported failure to respond to requests for admission, I disagree for several .reasons. First, Ms. Cola testified to the trial court that she did *425 receive and fill out the information requested by Plaintiff. The trial court admitted the Exhibit, but was certainly not bound by the proposed admissions in the exhibit prepared by Plaintiff. This court in D.H. Holmes Co., Ltd. v. Dronet, 432 So.2d 1135 (La.App. 3 Cir.1983), addressed a similar situation where a defendant did not specifically answer the request for admissions, but did deny owing any debt by his answer to the plaintiff’s suit for breach of contract. We stated:
In our view, failure to answer under Article 1467 does not per se result in requests for admissions being deemed an admission of the facts sought to be established. This device should not be applied to a controverted legal issue which goes to the heart of the merits of a case. In this instance, defendant denied he owed any debt to [plaintiff] by his ... answer to [plaintiffs] petition. It was then 12[plaintiff s] burden to prove each element of its claim. Entrón, Inc. v. Calíais Cablemsion, Inc., 307 So.2d 787 (La.App. 1st Cir.1975).
A similar situation occurred here. While the Colas may not have specifically answered the requests for admissions, they denied owing any past due rent to Ms. Romero in the answer to her petition. Thus, I do not agree that article 1467 should be interpreted to result in the request for admissions by Ms. Romero being deemed an admission of facts sought to be established.
Further, any admission for purposes of this litigation that the rent on the property was $600.00 per month is irrelevant to the trial court’s finding that Plaintiff failed to meet her burden of proving how much, if any, rent was not paid by the Colas. The majority opinion specifically states “Ms. Romero had the burden of proving the amount of rent she was owed by a preponderance of the evidence.” The only purported evidence in the record were receipts prepared and submitted into the record by Plaintiff. Ms. Cola adamantly disputed any assertion that her family was not up to date on the rent. It is difficult to accept the premise that Plaintiff would allow the Colas to continue residing on the property if they owed over six years of past due rent, as Plaintiff claimed. The trial court clearly found the self-serving receipts provided by Plaintiff did not satisfy her burden. This was certainly a reasonable conclusion and cannot remotely be construed as clearly wrong. The trial court’s judgment was correct and should be affirmed.