| | | |
|---|---|---|
| **BERNARD SINGLETON, D.V.M., M.S.** | * | **NO. 2023-CA-0295** |
| | * | |
| **VERSUS** | * | **COURT OF APPEAL** |
| | * | |
| **DILLARD UNIVERSITY** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-07431, DIVISION "E"
Honorable Omar Mason, Judge
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge
Tiffany Gautier Chase)

Jason R. Anders
Anders Law Firm
650 Poydras Street, Suite 1400
New Orleans, LA 70130

    COUNSEL FOR PLAINTIFF/APPELLANT

Darren Albert Patin
HAILEY McNAMARA HALL LARMANN & PAPALE
3445 North Causeway Boulevard, Suite 800
Metairie, LA 70002

    COUNSEL FOR DEFENDANT/APPELLEE

**REVERSED AND REMANDED**
**October 27, 2023**

*RML*
*RLB*
*TGC*

This is a suit for damages based on, among other things, an alleged contractual due process violation. From the trial court's January 3, 2023 judgment granting the summary judgment motion filed by the defendant—Dillard University ("Dillard")—and dismissing the case, the plaintiff—Bernard Singleton, D.V.M., M.S. ("Dr. Singleton")—appeals. For the reasons that follow, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2019, Dr. Singleton filed this suit against Dillard seeking injunctive relief and damages. In his petition, he alleged that Dillard had imposed disciplinary action upon him in violation of his contractual due process rights. He cited three sources of his contractual due process rights—his tenured status, his employment contracts, and the Dillard's Faculty Handbook (the "Handbook"). The basis for his suit was a disciplinary letter, dated April 15, 2019 (the "April 2019 Letter"). The April 2019 Letter was authored by Dr. Singleton's supervisor—Vice President for Academic Affairs, Yolanda W. Page, Ph.D. ("Dr. Page").

1

In his petition, Dr. Singleton asserted the following three causes of action:

(i)     a Louisiana Unfair Trade Practice Act ("LUTPA") claim;

(ii)    a Louisiana Environmental Quality Act ("LEQA") claim; and

(iii)   a contractual due process claim ("Contract Claim").

Dr. Singleton also requested injunctive relief—an order prohibiting Dillard from implementing any academic schedule for the 2019-2020 school year other than his customary schedule—teaching certain STEM biology classes—and from imposing any discipline—including that set forth in the April 2019 Letter—against him without observing the due process requirements set forth in the Handbook.

In response, Dillard filed an exception of no cause of action.[1] The trial court, following a hearing, sustained the exception as to the LUTPA Claim and the LEQA Claim, but overruled the exception as to the Contract Claim. The trial court, following an evidentiary hearing, granted Dr. Singleton's request for injunctive relief (the "Order"). The trial court found that the failure to follow the Handbook was arbitrary conduct by Dr. Page. The trial court expressly stated that Dr. Singleton's damage claim was not before it and reserved that claim.

Thereafter, Dillard filed a summary judgment motion seeking to have Dr. Singleton's only remaining claim—the Contract Claim—dismissed. The gist of Dillard's motion was that the Order, which granted injunctive relief, rendered Dr. Singleton's Contract Claim non-existent. Dillard contended that it had complied with the Order and that Dr. Singleton went through a full grievance process.

---

[1] Although Dillard labelled its exception as a "No Cause or Right of Action," it argued in its supporting memorandum only an exception of no cause of action.

Dillard pointed out that, ultimately on October 9, 2019, it considered all of the evidence, reinstated Dr. Singleton's courses, subject to intervention set forth in an October 19, 2019 letter. Dillard also cited Dr. Singleton's testimony, in his July 28, 2021 deposition, admitting that he had received a due process hearing, that his tenure status was unaffected, and that he received his full salary for the 2019-2020 academic year.

Further, Dillard pointed out that when asked in his deposition if he had sustained any damages, Dr. Singleton suggested that he was still claiming bodily injuries. But, Dillard emphasized that those bodily injury damages related to the LEQA claim, which was dismissed. Dillard further contended that La. C.C. arts. 1983 and 1997 require a demonstration of bad faith in order to recover pecuniary or nonpecuniary damages and that Dr. Singleton had failed to identify or to produce any evidence of bad faith.

In support of its motion, Dillard submitted the following summary judgment evidence:

- Dr. Singleton's Petition for Injunctive Relief and Damages;

- The Trial Court's June 1, 2020 Judgment on Exception of No Cause Action;

- A letter dated October 19, 2019 from Dillard's President outlining the outcome of the Academic Responsibilities, Grievance, and Ethics Committee's October 9, 2019 Hearing;

- Dr. Singleton's July 28, 2021 Deposition;

- Dr. Singleton's Final Witness and Exhibit Lists; and

- The Trial Court's Scheduling Order and Pre-Trial Notice.

Opposing the summary judgment motion, Dr. Singleton contended that the Contract Claim was not proper for summary judgment resolution. The Contract Claim, he contended, presented questions of whether Dillard's employees acted in bad faith when performing the acts outlined in the petition and whether Dillard's employees' actions, as described in the petition, constitute a bad faith violation of Dr. Singleton's contractual due process rights. He further contended that there were factual and legal questions regarding the extent of both his direct and consequential damages as a result of Dillard's employees' actions and the extent of the losses he suffered.

In support of his opposition, Dr. Singleton submitted his own affidavit in which he outlined the damages that he alleged he has suffered; he averred as follows:

> The range of losses include loss of professional and personal reputation, impairment of research opportunities with the assistance of STEM student assistance, the loss of mentoring opportunities (for which [Dr. Singleton] had received numerous awards), and impairment of his opportunities to further build his portfolio for promotion to full professor. Additionally, should [Dr. Singleton] decide that he wishes to leave Dillard, his future career opportunities in other academic institutions as a laterally transferring faculty member with either immediate tenure or a shortened tenure-track position [are] greatly reduced by virtue of the unilaterally imposed discipline rendered by Dr. Page.

Following a hearing, the trial court granted Dillard's summary judgment motion and dismissed Dr. Singleton's suit. This appeal followed.

## DISCUSSION

On appeal, Dr. Singleton assigns only one error—the trial court's granting of Dillard's summary judgment motion.

4

*Summary Judgment Precepts and Standard of Review*

According to established jurisprudence, an appellate court reviews a trial court's ruling on a summary judgment motion by applying a *de novo* standard. *Planchard v. New Hotel Monteleone, LLC*, 21-00347, p. 2 (La. 12/10/21), 332 So.3d 623, 625. To decide whether summary judgment is appropriate, an appellate court uses the same standards and rules as a trial court—"whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Id.*, 21-00347, pp. 2-3, 332 So.3d at 625. (citations omitted).

The summary judgment procedure is codified in La. C.C.P. art. 966(A)(3), which provides that "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id.*[2] A genuine issue of fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on the issue, and the granting of summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751 (citation omitted). A material fact is one that "might affect the outcome of the suit." *Id.* Whether a fact is material must be determined based on the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 17-0040, p. 7 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270 (citation omitted).

---

[2] The Louisiana Legislature amended La. C.C.P. art. 966, effective August 1, 2023. The amendment to this article, however, is not applicable to this appeal.

The summary judgment procedure is favored in Louisiana state courts and shall be construed to "secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La. C.C.P. art. 966(A)(2). Nonetheless, Louisiana jurisprudence has recognized that "'any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits.'" *Jones v. Stewart*, 16-0329, p. 8 (La. App. 4 Cir. 10/5/16), 203 So.3d 384, 389 (citations omitted)). Louisiana jurisprudence also has recognized that "summary judgment based on subjective facts like intent is rarely appropriate." *Fiveash v. Pat O'Brien's Bar, Inc.*, 15-1230, p. 1 (La. App. 4 Cir. 9/14/16), 201 So.3d 912, 914. Similarly, "[a] court cannot make credibility determinations on a motion for summary judgment, and must assume that all of the affiants are credible." *Phelps Dunbar, L.L.P. v. Stout*, 04-0785, p. 5 (La. App. 4 Cir. 6/15/05), 914 So.2d 44, 47.

The governing statute places the burden on the moving party. La. C.C.P. art. 966(D)(1). But, if the moving party will not bear the burden of proof at trial on the issue that is before the court on the summary judgment motion, the moving party's burden on the motion does not require him to negate all essential elements of the non-moving party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the non-moving party's claim, action, or defense. *Id*. "If, however, the [moving party] fails in his burden to show an absence of factual support for one or more of the elements of the [non-moving party's] claim, the burden never shifts to the [non-moving]

party, and the [moving party] is not entitled to summary judgment." *Durand v. Graham*, 19-1312, p. 4 (La. App. 1 Cir. 6/12/20), 306 So.3d 437, 440. The moving party "does not carry his initial burden when he simply 'points out' by motion or brief that the [non-moving party] lacks factual support for any claim against him." *Roadrunner Transp. Sys. v. Brown*, 17-0040, p. 7 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270 n.4 (citations omitted). "The burden of proof does not shift to the [non-moving party] until the moving party first presents a *prima facie* case that no genuine issues of material fact exist." *Beal v. Westchester Surplus Lines Ins. Co.,* 2021-0187, p. 4 (La. App. 4 Cir. 12/15/21), 334 So.3d 438, 442, *writ denied*, 22-00114 (La. 4/5/22), 335 So.3d 838 (internal quotations and citations omitted).

*Moving Party's Prima Facie Case*

The dispositive question here is whether the moving party—Dillard—carried its initial burden of establishing a *prima facie* case. As discussed elsewhere in this opinion, Dillard's summary judgment motion was based on three arguments: (i) the Contract Claim was rendered non-existent as a result of the trial court's injunctive relief order; (ii) Dr. Singleton presented no competent evidence, not contradicted by his deposition testimony, establishing the nature and extent of the damages that he sustained as a result of the breach; and (iii) Dr. Singleton presented no evidence of bad faith as required by La. C.C. arts. 1983 and 1997 to recover pecuniary or nonpecuniary damages. Before addressing Dillard's arguments, we first address the governing procedural and legal concepts.

Procedurally, Dillard would not have the burden of proof at trial on the Contract Claim. Legally, the essential elements of a breach of contract claim, which Dr. Singleton had the burden to establish, are three-fold: "(1) the obligor's undertaking an obligation to perform; (2) the obligor failed to perform the obligation (the breach); and (3) the failure to perform resulted in damages to the obligee." *Favrot v. Favrot*, 10-0986, pp. 14-15 (La. App. 4 Cir. 2/9/11), 68 So.3d 1099, 1108-09.

In rendering the Order granting injunctive relief, the trial court implicitly found that Dr. Singleton stated a contractual due process claim against Dillard. As a result, the trial court ordered Dillard to comply with Dr. Singleton's contractual due process rights. Although Dillard undisputedly did so by granting Dr. Singleton a disciplinary hearing, the question here is whether that rendered Dr. Singleton's damage claim non-existent.

Dillard's position is that Dr. Singleton alleged only one source of due process rights—the Handbook—and that his petition alleged only one act of breach of his due process rights—the alteration of his 2019-2020 schedule. Continuing, Dillard contends that the Order, granting injunctive relief, reversed its schedule change. Dillard further contends that Dr. Singleton admitted during his deposition that his schedule in the 2019-2020 academic year was the same as the prior academic year. Thus, Dillard's position is that the only alleged breach was addressed by the Order, granting injunctive relief, and no longer exists.

Dr. Singleton counters that regardless of the resolution of the scheduling change issue, he also asserted claims for damages based on the impact the disciplinary actions Dillard took in the April 2019 Letter would have on his personal and professional standing. Dr. Singleton stresses that, even though the due process violation was eventually remedied by the Order, granting injunctive relief, the record of the action against him remains and will likely follow him throughout the remainder of his academic career. In his petition, Dr. Singleton averred that his attorney notified Dillard, in a May 2019 letter, that the April 2019 Letter had already violated his due process rights and demanded that Dillard withdraw the April 2019 Letter. Dr. Singleton still further averred that his damages included harm to his academic reputation and standing.

Dillard's contention that its compliance with the Order, granting injunctive relief, rendered the Contract Claim non-existent is belied by the allegations in the petition that Dr. Singleton cites. Moreover, Dr. Singleton repeats these allegations in his affidavit, outlining the alleged damages to his reputation. Given Dillard's failure to address these aspects of the Contract Claim, we find it failed to satisfy its burden, as the moving party, to establish a *prima facie* case. Under the summary judgment procedure, the burden never shifted to Dr. Singleton, as the non-moving party. Accordingly, the trial court erred in granting Dillard's summary judgment motion.[3]

---

[3] Given our resolution of this matter, we pretermit discussion of the other issues raised by the parties.

## **DECREE**

For the foregoing reasons, the trial court's January 3, 2023 judgment is reversed; and this matter is remanded.

**REVERSED AND REMANDED**