| | | |
|---|---|---|
| **COASTAL FIRE PROTECTION, L.L.C.** | * | **NO. 2025-CA-0081** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | | |
| | * | **FOURTH CIRCUIT** |
| **CUSTOM DRYWALL & PAINTING, L.L.C. AND TSM INVESTMENTS, L.L.C.** | * | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-08521, DIVISION "D"
Honorable Monique E. Barial, Judge
**\* \* \* \* \* \***
**JUDGE SANDRA CABRINA JENKINS**
**\* \* \* \* \* \***

(Court composed of Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

David C. Clement
Leslie J. Hill
CLEMENT & ASSOCIATES
650 Poydras Street, Suite 2828
New Orleans, LA 70130

    COUNSEL FOR PLAINTIFF/APPELLEE

David W. Nance
DAVID W. NANCE LAW FIRM, LLC
3912 Constance Street
New Orleans, LA 70115

    COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**
**SEPTEMBER 16, 2025**

This dispute arises from the non-payment of an invoice for a construction project. TSM Investments, L.L.C. ("TSM") appeals the trial court's October 11, 2024 judgment, which granted Coastal Fire Protection, L.L.C's ("Coastal") motion for summary judgment, ordering TSM to pay $13,559.28 plus legal interest, and required TSM to reimburse Coastal the costs and expenses incurred for filing and recording its lien. For the reasons to follow, we affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

TSM owned a construction project located at 606 and 608 Harrison Avenue in New Orleans. TSM contracted with Custom Drywall & Painting, LLC ("Custom") to serve as the general contractor for the project. On November 25, 2019, Coastal submitted a proposal to Custom to perform work on a fire sprinkler

---

[1] On June 2, 2025, the Court issued an order consolidating this appeal with *Coastal Fire Prot. v. Custom Drywall & Painting, L.L.C. and TSM Inv., L.L.C.*, 2025-0215 (La. App. 4 Cir. --/--/2025), --So.3d--. The consolidated matters were submitted to this Court on July 9, 2025. After submission, upon further consideration, this Court ordered that the appeals be unconsolidated to address the issues presented in each with more precision and clarity.

1

system for the project. Coastal's price for the work was $56,925.00. On December 10, 2019, Custom accepted Coastal's proposal and issued a Notice to Proceed.

Thereafter, on September 13, 2022, Coastal filed a petition against Custom and TSM. Coastal alleged that it satisfactorily performed its obligations under the contract, however, $13,599.28 was still owed for the work performed. Coastal further alleged that as a result of non-payment of the invoice, it filed a lien, a Statement of Claim and/or Privilege in connection with the project in the Orleans Parish land records and in accordance with the Louisiana Private Works Act.[2] Coastal asserted that the lien was sent to TSM and Custom with a written demand for payment. TSM and Custom filed an answer and reconventional demand on October 27, 2022.[3]

On June 7, 2023, Coastal moved for summary judgment, asserting that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law against defendants in the amount of $13,559.28, plus legal interest from the date of demand, July 1, 2022, until paid and for reimbursement of the costs and expenses incurred by Coastal for filing and recording its lien in the amount of $135.00.

On September 13, 2023, TSM and Custom filed exceptions of no cause of action, no right of action, and prescription. On the same date, TSM and Custom filed a motion to withdraw matters deemed admitted. The hearing on Coastal's

---

[2] The Louisiana Private Works Act provides a means for contractors and others to recover the costs of labor and/or materials from a party with whom there is no contract. La. R.S. 9:4801 *et seq.*

[3] TSM and Custom jointly filed a majority of their pleadings.

motion for summary judgment was held on September 15, 2023, at which the trial court granted the motion. Shortly thereafter, TSM and Custom filed a motion for new trial or to vacate and set aside judgment with regard to the trial court's September 15, 2023 judgment.

The hearing on TSM and Custom's exceptions and motion to withdraw matters deemed admitted was held on December 8, 2023. On January 9, 2024, the trial court signed a judgment sustaining TSM and Custom's exception of no cause of action and ordered Coastal to supplement and amend its petition. The trial court further vacated and set aside the September 15, 2023 judgment that granted Coastal's motion for summary judgment, noting in its reasons for judgment that the exceptions should have been considered prior to the motion for summary judgment. Coastal filed an application for supervisory writ. This court granted the writ, reversed in part and affirmed in part the January 9, 2024 judgment. Specifically, this Court affirmed the trial court's judgment vacating its prior grant of the motion for summary judgment and reversed the trial court's grant of the peremptory exception of no cause of action. *Coastal Fire Prot., L.L.C. v. Custom Drywall & Painting LLC*, 2024-0066 (La. App. 4 Cir. 3/13/24), 390 So. 3d 278, *writ denied*, 2024-00433 (La. 6/25/24), 386 So. 3d 1084.

Thereafter, on February 9, 2024, Coastal filed its first amended and supplemental petition. On August 16, 2024, Coastal moved for summary judgment against TSM and Custom. On October 1, 2024, Coastal moved to withdraw its first

3

amended and supplemental petition. The trial court granted the motion on October 2, 2024.

The hearing for the motion for summary judgment was set for October 11, 2024. On September 27, 2024, Tracie Medus, the sole member of TSM filed a motion to continue the hearing. In response, Coastal moved to strike the motion to continue, asserting that Ms. Medus is not licensed to practice law in Louisiana and cannot file pleadings on behalf of TSM. Coastal additionally filed an opposition to Ms. Medus's motion to continue.

Thereafter, TSM and Custom filed a motion to continue the October 11, 2024 hearing. Coastal opposed the motion to continue. The trial court held a hearing on the motions to continue on October 11, 2024. On the day of the hearing, the motion to continue filed by Ms. Medus was withdrawn. The trial court denied TSM's motion to continue, and signed a judgment to that effect on October 14, 2024.

The hearing on Coastal's motion for summary judgment, as it relates to TSM, was held on October 11, 2024.[4] On October 11, 2024, the trial court signed the following judgment granting Coastal's motion for summary judgment:

> **IT IS ORDERED, ADJUDGED AND DECREED** that Defendant, TSM Investments, LLC, is hereby cast in judgment: 1) in the amount of $13,559.28 for work performed by Plaintiff, plus legal interest from the date of demand of July 1, 2022 through today in the amount of $2,046.99 continuing to accrue in the amount of $3.25 daily until the judgment is paid; and, 2) reimbursement of the costs and expenses incurred by Plaintiff for filing and recording its lien in the amount of $135.00.

---

[4] Coastal's motion for summary judgment as it relates to its claims against Custom was reset in light of Custom not receiving service of process.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Statement of Claim and/or Privilege filed by Plaintiff in the Land Records of Orleans Parish, Instrument Number 2022-26534, Mortgage Instrument Number 1394582 ("Lien") is hereby recognized and maintained as valid with the Sheriff directed to execute such Lien against the immovable property identified in and made subject of the Lien and sell such immovable property at a judicial sale in full satisfaction of this Judgment against Defendant, TSM Investments, LLC.

This appeal timely follows.

## DISCUSSION

TSM assigns four errors, however, we narrow our discussion to three issues: 1) whether the trial court erred in denying TSM's motion to withdraw matters deemed admitted; 2) whether the trial court erred in denying TSM's motion to continue; and 3) whether the trial court erred in granting Coastal's motion for summary judgment.[5] We begin our discussion by addressing TSM's motion to withdraw matters deemed admitted.

### *Motion to Withdraw Matters Deemed Admitted*

TSM asserts in its initial assignment of error that the trial court erred when it denied its motion to withdraw matters deemed admitted. TSM argues that it was not late in responding to Coastal's requests for admissions because it was never duly served. TSM argues that it never received the requests for admissions and counsel for Coastal failed to confirm whether TSM was in receipt of the requests for admissions.

---

[5] TSM four assignments of error are: 1) the trial court erred in denying its motion to withdraw matters deemed admitted; 2) the trial court erred in denying its motion to continue the hearing on Coastal's motion for summary judgment; 3) the trial court erred in allowing Coastal to ignore the defendants' pending and verified answer and reconventional demand and late filed responses to requests for admissions; and 4) the trial court erred in granting Coastal's motion for summary judgment.

TSM relies on this Court's decision in *Indulge Island Grill, L.L.C. v. Island Grill, L.L.C., et al.*, 2016-1133 (La. App. 4 Cir. 5/10/17), 220 So.3d 154, to support its argument that the trial court erred in denying its motion to withdraw matters deemed admitted. In *Indulge Island Grill, L.L.C.*, this Court addressed the trial court's acceptance of deemed admissions after the defendant failed to timely respond to the plaintiff's requests for admissions. This Court provided:

> The jurisprudence, however, has tempered the harsh penalty of automatic deemed admissions by holding that a "matter will not be deemed admitted if the party against whom the admission is sought controverts the matter in some other manner, such as by exception or answer." 1 Frank L. Maraist, LA. CIV. L. TREATISE, CIVIL PROCEDURE § 9:8 (2d ed. 2016) ("*Maraist*"); *Phelps Dunbar, L.L.P. v. Stout*, [20]04-0785, p. 7 (La.App. 4 Cir. 6/15/05), 914 So.2d 44, 49 (citing and explaining the jurisprudence holding that a matter should not be deemed admitted when the party against whom the admission is sought has "denied the contested facts in other pleadings."). Thus, when the record reflects the party against whom the admission is sought is controverting a matter, "he or she should not be deemed to admit it merely because of a failure to respond within the prescribed time frame." *Maraist*, § 9:8, n. 30.

*Indulge Island Grill, L.L.C.*, 2016-1133, p. 14, 220 So.3d at 163. This Court further held that "the granting of summary judgment based solely on deemed admissions, 'in the face of plain assertions disputing the alleged fact,' is 'too drastic a sanction to impose for failure to respond to a requested admission of fact.'" *Id.*, 2016-1133, p. 15, 220 So.3d at 164 (quoting *Hoskins v. Caplis*, 431 So.2d 846, 849 (La. App. 2d Cir. 1983).

However, we find that *Indulge Island Grill, L.L.C.* is distinguishable from this matter. Unlike this matter, the evidence introduced in *Indulge Island Grill, L.L.C* was insufficient for summary judgment. The plaintiff in *Indulge Island Grill,*

6

*L.L.C.* sought summary judgment, presenting an affidavit and requests for admission as evidence to establish there was an abandonment of the premise by the defendant. 2016-1133, p. 10, 220 So.3d at 161. This Court found that the affidavit was insufficient to establish defendant's intent to abandon the premises, and the deemed admissions were controverted by the defendant's verified reconventional demand. Furthermore, although TSM relies on the fact that in *Indulge Island Grill, L.L.C.*, this Court reversed the trial court's grant of summary judgment despite the defendant's failure to oppose the motion, it is important to note that the Court in *Indulge Island Grill, L.L.C.* applied the prior version of La. C.C.P. art. 966, before the current amendment.[6] Unlike the former version of Article 966 that is relied on in *Indulge Island Grill, L.L.C.*, the current article has mandatory filing deadlines as well as limitations regarding what documents may be filed or referenced in support of or in opposition to a motion for summary judgment. *See* La. C.C.P. art. 966. As it will be further discussed in this opinion, the deemed admissions were not the sole basis for the trial court's grant of Coastal's motion for summary judgment. As such, we find no merit in TSM's argument.

Louisiana Code of Civil Procedure article 1466 provides in relevant part that "[a] party may serve upon any other party a written request for the admission . . . of the truth of any relevant matters of fact . . . ." Moreover, pursuant to Article 1467, a matter is deemed admitted if the party to whom the request is directed does

---

[6] In *Indulge Island Grill, L.L.C. v. Island Grill, L.L.C., et al.*, 2016-1133 (La. App. 4 Cir. 5/10/17), 220 So.3d 154, this Court applied the version of La. C.C.P. art. 966 that was effective August 1, 2014 to December 31, 2015.

not respond within thirty days after service of the request. La. C.C.P. art. 1467(A). Any matter deemed admitted pursuant to Article 1467 is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. La. C.C.P. art. 1468.

"[T]he court may permit withdrawal [of an admission] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal [of the admission] will prejudice him in maintaining his action or defense on the merits." *Id.* Additionally, "Louisiana courts have allowed late-filed denials to requests for admissions to constitute requests for withdrawal of those admissions, even if the responses were extremely late and were not presented to the court by a motion to withdraw or amend the admissions." *Duckworth v. Curole*, 2023-0611, p. 5 (La. App. 1 Cir. 4/19/24), 389 So.3d 832, 836, *on reh'g*, 2023-0611 (La. App. 1 Cir. 12/11/24), 404 So.3d 831. "It is within the trial court's discretion to determine whether to allow the withdrawal of the admission." *Apache Corp. v. Talen's Marine & Fuel, LLC*, 2017-0714, p. 6 (La. App. 1 Cir. 2/7/18), 242 So.3d 619, 623.

Here, on March 21, 2023, Coastal propounded requests for admissions via email to TSM's counsel. Thereafter, having received no reply, Coastal moved for summary judgment on June 7, 2023. On September 13, 2023, two days before the hearing on Coastal's motion for summary judgment, TSM filed a motion to withdraw matters deemed admitted. Subsequent to a hearing on the motion to withdraw matters deemed admitted, on September 15, 2023, the trial court denied

TSM's motion in open court, and signed a judgment to that effect on September 21, 2023.

While TSM argues that its counsel never received requests for admissions, the record reflects otherwise. Coastal provided confirmation that discovery requests were sent to TSM's counsel. TSM failed to provide explanation as to why withdrawal of admissions was sought only two days before the September 15, 2023 hearing on Coastal's motion for summary judgment. Therefore, given the dilatory manner in which TSM responded to Coastal's requests for admissions, over five months after they were propounded and only two days prior to the hearing on the motion for summary judgment, we do not find that the trial court abused its discretion in denying TSM's motion to withdraw admissions.

***Motion to Continue***

Next, TSM argues that it should have been granted a continuance so that new counsel could become familiar with the matter. TSM asserts that the original counsel of record was suspended from the practice of law during the course of litigation and it had difficulty finding new representation.

"A trial judge has wide discretion in determining whether a motion for continuance should be granted; thus, the standard of review in such cases is abuse of discretion." *Doe v. Lewis*, 2020-0320, p. 3 (La. App. 4 Cir. 12/30/20), 312 So.3d 1165, 1169 (citing *Jordan v. Cmty. Care Hosp.*, 2019-0039, 2019-0040, pp. 22-23 (La. App. 4 Cir. 7/24/19), 276 So.3d 564, 582).

La. C.C.P. art. 1601 provides that "[a] continuance may be granted in any case if there is good ground therefore." La. C.C.P. art. 1602 sets forth, in pertinent

9

part that "[a] continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case."

Interpreting La. C.C.P. arts. 1601 and 1602, this Court in *Doe v. Lewis*, noted that trial was scheduled for January 21, 2020 and the plaintiff filed a written motion to continue trial on January 7, 2020, asserting that an out-of-state material witness could not be served or contacted, and another witness who was served, would be out of town the day of trial. The Court provided that the plaintiff had ample time from the first and second trial settings to secure her witnesses. The Court further provided that the district court postponed the start time of trial to help accommodate the plaintiff's witnesses. *Doe*, 2020-0320, pp. 3-4, 312 So.3d at 1170. The *Doe* court found that the trial court did not abuse its discretion in denying the motion to continue trial. *Id*. at pp. 4-5, 312 So.3d at 1170.

In this matter, the hearing on the motion for summary judgment was scheduled for October 11, 2024. TSM filed its motion to continue on October 7, 2024, on the grounds that its counsel needed additional time to become familiar with the case.

Opposing the motion to continue, Coastal argued that TSM failed to show good cause for a continuance. Coastal urged the court to reject TSM's excuse of finalizing engagement of counsel considering everything that entitles Coastal to a summary judgment has already been admitted over a year ago. Coastal further asserts that TSM's motion to continue is its latest attempt to circumvent the mandatory opposition deadlines set by the Louisiana Code of Civil Procedure to file an untimely opposition to Coastal's motion for summary judgment.

Prior to the start of the hearing on the motion for summary judgment, the trial court addressed TSM's motion to continue the hearing. The trial court provided that Coastal's motion for summary judgment was refiled on August 16, 2024 and was served to TSM on August 29, 2024, however, a motion to continue was requested after the deadline for filing the opposition to the motion for summary judgment. The trial court further provided that even if it granted TSM a continuance, it would not be allowed to file an opposition to the motion for summary judgment due to the strict constraints of Article 966. Accordingly, we find no abuse of the trial court's discretion in denying TSM's motion to continue.

***Motion for Summary Judgment***

Lastly, TSM argues that Coastal failed to meet its burden of proof in the motion for summary judgment because Coastal did not address TSM's verified answer and reconventional demand.

An appellate court reviews the grant or denial of a summary judgment motion *de novo,* using the same standard employed by the trial court in deciding the merits of the motion; accordingly, an appellate court need not accord deference to the facts and evidence as analyzed by the trial court or its reasons for judgment. *See Smith v. State*, 2018-0197, p. 3 (La. App. 4 Cir. 1/9/19), 262 So.3d 977, 980 (citations omitted). The summary judgment procedure is favored and "designed to secure the just, speedy, and inexpensive determination of every action . . . ." La. C.C.P. art. 966(A)(2). Its intended purpose is to "pierce the pleadings and to assess the proof in order to see whether there exists a genuine need for trial." *See Cutrone v. English Turn Prop. Owners Ass'n, Inc*., 2019-0896, p. 7 (La. App. 4 Cir. 3/4/20), 293 So.3d 1209, 1214 (quoting *Bridgewater v. New Orleans Reg'l Transit Auth*., 2015-0922, p. 4 (La. App. 4 Cir. 3/9/16), 190 So.3d 408, 411). "[A] motion for

11

summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). The mover's burden of proof in a motion for summary judgment is governed by La. C.C.P. art. 966(D)(1):

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Louisiana Code of Civil Procedure art. 967(B) further provides:

> When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

Here, in its motion for summary judgment, Coastal argued that there is no genuine issue of material fact that: 1) it timely filed a valid lien under the Louisiana Private Works Act;[7] 2) Custom and Coastal entered into an agreement for Coastal to perform certain fire protection work for the project and it is owed

---

[7] The procedure for preserving a privilege granted under the Private Works Act is set forth in La. R.S. 9:4822:

A. Except as otherwise provided in Subsections B, C, and D of this Section, a person granted a privilege under R.S. 9:4801 or a claim and privilege under R.S. 9:4802 shall file a statement of his claim or privilege no later than sixty days after:

(1) The filing of a notice of termination of the work.

(2) The substantial completion or abandonment of the work, if a notice of termination is not filed.

$13,559.28 for the work it performed; 3) Custom misapplied the payment of $13,559.28 it received from TSM for the work performed and invoiced by Coastal, and,[8] 4) Custom violated Louisiana's Open Account Statute by failing to pay the $13,559.28 owed to Coastal after demand for payment.[9]

To support its motion for summary judgment, Coastal attached numerous exhibits, namely: its petition; requests for admissions; its second set of requests for admissions; its lien; land records; receipt for lien filing costs; the notice of lien sent to TSM and Custom on July 1, 2022; the notice of lis pendens; emails to counsel for TSM and Custom submitting Coastal's requests for admissions on March 21, 2023 and June 1, 2023; TSM and Custom's September 13, 2023 motion to withdraw matter deemed admitted wherein counsel for TSM and Custom provided that he received Coastal's requests for admissions on or about June 7, 2023; legal

---

[8] La. R.S. 9: 4856(A) provides:

> No contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement, including contracts and mortgages for interim financing, shall knowingly fail to apply the money received as necessary to settle claims to sellers of movables or laborers due for the construction or under the contract. Any seller of movables or laborer whose claims have not been settled may file an action for the amount due, including reasonable attorney fees and court costs, and for civil penalties as provided in this Section.

[9] La. R.S. 9:2781(A) provides:

> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.

13

fee invoices; City of New Orleans certificate of occupancy and completion issued on August 16, 2023; and affidavits of Leslie J. Hill and Mark Sanderson.

Leslie J. Hill, an associate attorney at Clement & Associates, Counsels at Law, L.L.C., attested that the firm represents Coastal. Ms. Hill further attested that on March 21, 2023, she emailed the requests for admissions to TSM and Custom's counsel of record, Gregory Swafford and copied her co-counsel, David C. Clement, and she did not receive any notification that the email was not delivered. Ms. Hill indicated in her affidavit that she did not receive any responses to the requests for admissions by April 20, 2023. Moreover, Ms. Hill provided that she emailed the second requests for admissions propounded on TSM and Custom to Mr. Swafford on October 13, 2023, and she never received a response.

Mark Sanderson, the general manager of Coastal attested that on November 25, 2019, Coastal submitted a proposal to Custom to perform the NFPA 13R wet-pipe sprinkler system and the proposal was accepted by Custom on December 10, 2019. Mr. Sanderson provided that Coastal performed all work pursuant to the proposal and submitted six invoices to Custom for the work performed pursuant to the proposal. Mr. Sanderson attested that Coastal did not receive payment for invoice 29469 in the amount of $13,599.28 and thereafter, Coastal filed its Statement of Claim or Privilege into the land records of Orleans Parish.

TSM did not file an opposition to Coastal's motion for summary judgment. Pursuant to La. C.C.P. art. 966(B)(2), TSM was required to file its opposition not less than fifteen days prior to the hearing of the motion for summary judgment.

14

TSM's argument that Coastal did not address its verified answer and reconventional demand is without merit. In light of TSM failing to file an opposition to the motion for summary judgment, no pleadings, including its reconventional demand was filed or referenced in opposition to the motion. *See* La. C.C.P. art. 966(A)(4)(a).

Additionally, at the hearing on the motion for summary judgment, TSM failed to object to Coastal's supporting evidence. A court shall only consider "documents filed or referenced in support of or in opposition to the motion for summary judgment but shall not consider any document that is excluded pursuant to a timely filed objection. Any objection to a document shall be raised in a timely filed opposition or reply memorandum." La. C.C.P. art. 966(D)(2).

Based on our review of the record, we find that Coastal met its burden in proving that it was a subcontractor on the project, that it performed work on the project that went unpaid, and that it timely filed a lien. Therefore, the trial court did not err in determining that there is no genuine issue of material fact and that Coastal was entitled to summary judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the October 11, 2024 judgment, which granted Coastal's motion for summary judgment is affirmed.

**AFFIRMED**

15